PEOPLE v SECRETO

1. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—RAPE—CONVICTION—
   ONE ACT.

   A defendant may be convicted and sentenced only once for a
   single act of criminal sexual conduct.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—NECESSARILY INCLUDED
   LESSER OFFENSES.

   It is reversible error to refuse to give requested instructions on
   necessarily included lesser offenses.

3. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—RAPE—INSTRUCTIONS
   TO JURY—NECESSARILY INCLUDED LESSER OFFENSES—NEW TRIAL
   —PROSECUTOR'S OPTION.

   A proper remedy, where a defendant has been convicted of first-
   degree criminal sexual conduct and the trial court erred by not
   giving the defendant's requested instructions on the necessarily
   included offenses of second and fourth-degree criminal sexual
   conduct but did give a requested instruction on third-degree
   criminal sexual conduct, is to remand the cause for entry of
   judgment of conviction of second-degree criminal sexual con-
   duct and resentencing; a conviction for second-degree criminal
   sexual conduct is warranted because the jury was given the
   choice between first and third-degree criminal sexual conduct,
   which under the theory presented, that injury was caused to

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 165.
   65 Am Jur 2d, Rape § 32.
   Conviction or acquittal of one offense, in court having no jurisdic-
      tion to try offense arising out of same set of facts, later charged
      in another court, as putting accused in jeopardy of latter offense.
      4 ALR3d 874.
[2–4] 21 Am Jur 2d, Criminal Law §§ 185, 494.
   Instructions as to conviction of lesser offense, against which statute
      of limitations has run, where statute has not run against offense
      with which defendant is charged. 47 ALR2d 890.
[3, 4] 65 Am Jur 2d, Rape § 110
   What constitutes penetration in prosecution for rape or statutory
      rape. 76 ALR3d 163.

the victim and force or coercion was used to accomplish sexual penetration, differ in that first degree includes the causation of personal injury as a statutory element while third degree does not and the jury necessarily found that an injury resulted from the act; however, if the prosecutor is of the opinion that justice would be better served by a new trial, the trial court should, upon notification by the prosecutor prior to resentencing, vacate the judgment of conviction and grant a new trial on the original charge.

4. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—RAPE—LESSER INCLUDED OFFENSES—COMMISSION OF OTHER FELONY—STATUTES.

Third-degree and fourth-degree criminal sexual conduct are not lesser included offenses to the greater offense of first-degree criminal sexual conduct where the first-degree criminal sexual conduct charge is based on the theory of sexual penetration occurring under circumstances involving the commission of any other felony (MCLA 750.520b[1][c]; MSA 28.788[2][1][c]).

Appeal from Oakland, William R. Beasley, J. Submitted December 8, 1977, at Lansing. (Docket No. 27769.) Decided January 24, 1978. Leave to appeal applied for.

Phillip J. Secreto, Jr., was convicted of two counts of first-degree criminal sexual conduct and one count of unarmed robbery. Defendant appeals. Affirmed in part, reversed in part, and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James L. McCarthy,* Assistant Appellate Counsel, for the people.

*Lustig & Friedman, P. C.,* for defendant on appeal.

Before: R. M. BURNS, P. J., and ALLEN and R. M. MAHER, JJ.

PER CURIAM. Phillip Joseph Secreto, Jr., appeals from two convictions and sentences for first-degree

criminal sexual conduct, MCLA 750.520b(1)(c) and (f); MSA 28.788(2)(1)(c) and (f), and a conviction and sentence for unarmed robbery, MCLA 750.530; MSA 28.798.

There was no error in the trial court's voir dire of prospective jurors and the criminal sexual conduct statute was not unconstitutionally vague as applied to the facts of the case.

However, the case must be remanded for vacation of the first-degree criminal sexual conduct convictions and sentences, and a conviction for second-degree criminal sexual conduct entered and the appellant resentenced.

The appellant was convicted and sentenced twice, under different theories, for the one act of criminal sexual conduct with which he was charged. A defendant may only be convicted and sentenced once for a single act of criminal sexual conduct, *People v Willie Johnson,* 75 Mich App 221; 255 NW2d 207 (1977). Therefore, one conviction and sentence must be vacated.

Further, regardless of which count the appellant were to be convicted on, the conviction and sentence for first-degree criminal sexual conduct must be vacated and a conviction for second-degree sexual conduct entered and the appellant resentenced.

On Count I, brought under MCLA 750.520b(1)(c), the appellant requested an instruction on the necessarily lesser included offense of second-degree criminal sexual conduct (under MCLA 750.520[c]; MSA 28.788[3]). The request was denied, a reversible error under *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), *People v Thompson,* 76 Mich App 705; 257 NW2d 268 (1977).

On Count II, brought under MCLA 750.520b(1)(f), the appellant requested instructions

on the necessarily included lesser offenses of second (under MCLA 750.520c[1] [f]; MSA 28.788[3] [1] [f], third (under MCLA 750.520d[1] [b]; MSA 28.788[4] [1] [b], and fourth (under MCLA 750.520e[1] [a]; MSA 28.788[5] [1] [a]), degree criminal sexual conduct. The trial court granted the request to instruct on third-degree criminal sexual conduct, but denied the requests for instructions on second and fourth degree, reversible error under *Ora Jones, supra,* and *Thompson, supra.* The conviction must be vacated, but a conviction under second, rather than fourth, degree criminal sexual conduct should be entered, and the appellant sentenced accordingly.

Because the jury was given the choice between first and third-degree criminal sexual conduct, which under the theory of Count II differ in that first degree includes the causation of personal injury as a statutory element while third degree does not, the jury necessarily found that an injury resulted from the act. Second and fourth-degree criminal sexual conduct, under the theory charged in Count II, differ from each other in the same respect. Thus a conviction for second-degree criminal sexual conduct is warranted.

Under Count I there are no crimes corresponding to third and fourth-degree criminal sexual conduct and thus those offenses are not lesser included offenses, necessarily or otherwise, to the greater offense of first-degree criminal sexual conduct brought under MCLA 750.520b(1)(c).

However, if the prosecutor is of the opinion that justice would be better served by a new trial, the trial court should, upon notification by the prose-

cutor prior to resentencing, vacate the judgments of conviction and grant a new trial on the original charges,[1] *Thompson, supra.*

The conviction and sentence for unarmed robbery is affirmed.

Reversed and remanded in part, affirmed in part.

[1] We do not believe it is error to charge a defendant under more than one theory of criminal sexual conduct for a single act, but it is error to enter more than one judgment of conviction and sentence for a single act.