## PEOPLE v ROOD

Docket No. 77-3013. Submitted April 11, 1978, at Lansing.—Decided May 10, 1978.

Vernon B. Rood was convicted of breaking and entering a building with intent to commit larceny therein, Midland Circuit Court, David Scott DeWitt, J. Defendant appeals, alleging that the trial court erred in refusing the defendant's request for an instruction to the jury on the offense of receiving and concealing stolen property as a lesser included offense of the charged offense. *Held:*

The offense of receiving and concealing stolen property is not a lesser included offense of the crime of breaking and entering a building with intent to commit larceny therein. Therefore, the trial court acted properly in denying the defendant's request.

Affirmed.

1. CRIMINAL LAW—LESSER OFFENSES—LESSER INCLUDED OFFENSES—COMMON ELEMENTS—SAME CLASS.

To constitute a lesser included offense the lesser offense and the greater offense must (1) share some common elements and (2) must be of the same class or category.

2. CRIMINAL LAW—RECEIVING AND CONCEALING STOLEN PROPERTY—BREAKING AND ENTERING—LESSER INCLUDED OFFENSES.

The offenses of receiving and concealing stolen property and breaking and entering a building with intent to commit larceny therein share no common elements whatsoever and, because the receiving and concealing stolen property statute and the breaking and entering statute have distinct purposes, they are not of the same class or category; therefore, it was proper for a trial court judge to deny a defendant's request for an instruction on the offense of receiving and concealing stolen property as a lesser included offense to the charge of breaking and entering a building with intent to commit larceny.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 75 Am Jur 2d, Trial §§ 876–882.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Doyle A. Rowland,* Prosecuting Attorney, and *Gerald L. White,* Chief Assistant Prosecuting Attorney, for the people.

*Whittaker & King,* for defendant on appeal.

Before: DANHOF, C. J., and BRONSON and CYNAR, JJ.

PER CURIAM. Defendant appeals as of right his June 17, 1977, jury conviction for breaking, and entering a building with intent to commit larceny therein. MCL 750.110; MSA 28.305. On appeal he raises the sole issue of whether the trial judge committed reversible error in refusing his request for an instruction on the crime of receiving and concealing stolen property.

At trial several witnesses stated that they purchased certain items from Tim Jurek at defendant's home. Further, one witness testified that he had purchased an item directly from defendant. The evidence established that these items had previously been stolen from the home of Steve Suhan. Tim Jurek testified that he and defendant had broken into Suhan's home with the intent to commit larceny therein and that they did in fact commit larceny.

At the conclusion of the evidence, counsel for the defense requested an instruction concerning receiving and concealing stolen property in excess of $100. MCL 750.535; MSA 28.803. This request was denied by the trial judge who stated that:

"although the evidence would tend to substantiate that he might also be guilty of receiving and concealing, the elements of that particular crime are not necessarily included in the crime charged, that is, breaking and entering."

In *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975), the Court stated:

"The common-law definition of lesser included offenses is that the lesser must be such that it is impossible to commit the greater without first having committed the lesser. 4 Wharton, Criminal Law and Procedure, § 1799. This definition includes only *necessarily* included lesser offenses. This definition, however, is generally conceded to be unduly restrictive, and thus most jurisdictions, including Michigan, have statutes that are broadly construed to permit conviction of 'cognate' or allied offenses of the same nature, under a sufficient charge. These lesser offenses are related and hence 'cognate' in the sense that they share several elements, and are of the same class or category, but may contain some elements not found in the higher offense."

See also *People v Van Wyck,* 402 Mich 266; 262 NW2d 638 (1978). Thus, to constitute a lesser included offense the lesser offense and the greater offense must 1) share some common elements and 2) must be of the same class or category.

The offenses under examination here fail on both counts. The crimes contain *no* common elements whatsoever. As pointed out in *People v Matuja,* 77 Mich App 291, 295; 258 NW2d 79 (1977): ·

"The elements of the breaking and entering charge in this case are: (1) breaking and entering, (2) with felonious intent, (3) of an occupied dwelling. *People v D'Argis,* 44 Mich App 186, 188; 205 NW2d 19 (1972). The elements of receiving and concealing stolen property are: (1) that the property was stolen; (2) the value of the property; (3) the receiving, possession or concealment of such property by the defendant with the knowledge of the defendant that the property had been stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty constructive or actual knowledge of the defendant that the property received or concealed

had been stolen. *People v Martinovich,* [18 Mich App 253, 257; 170 NW2d 899 (1969)]."

In addition, the two offenses are not of the "same class or category". Although somewhat vague, this requirement was construed in *Matuja, supra,* 295, to require that the offenses share a "common statutory purpose". In *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978), the Court extensively examined the purpose of the receiving and concealing statute and concluded:

"It is directed toward those who assist the thief or others in the disposition or concealment of stolen property. The everyday understanding of the language employed excludes the person who committed the larceny." *Kyllonen, supra,* 145.

However, the purpose of the breaking and entering statute is to protect "the right to peaceful habitation". *People v Winhoven,* 65 Mich App 522, 526; 237 NW2d 540 (1975). Thus, the statutes have distinct purposes. Since the offenses are not of the "same class or category", the second part of the *Ora Jones* test was not met. Thus, the instruction was properly denied.

Defendant argues that *Paterno v Lyons,* 334 US 314; 68 S Ct 1044; 92 L Ed 2d 1409 (1948), mandates a contrary result. That case holds that a defendant charged with the offense of receiving and concealing stolen property has notice that he may have to defend against a charge of attempted larceny. However, *Paterno* grants a criminal defendant no *right* to be charged with a particular offense. Rather, it merely holds that under the circumstances of that case, no due process violation occurred.

Affirmed.