PEOPLE v GREEN

Docket No. 30813. Submitted June 6, 1978, at Lansing.—Decided October 2, 1978.

Defendant Richard L. Green and John Denny were jointly tried for first-degree criminal sexual conduct (CSC I) consisting of sexual penetration of another while aided and abetted by one or more others and by the use of force or coercion and for armed robbery. The Washtenaw Circuit Court, Patrick J. Conlin, J., over defendant's objection, admitted evidence of defendant's previous two convictions for first-degree criminal sexual conduct. The court instructed the jury on CSC I, third-degree criminal sexual conduct (CSC III), armed robbery, unarmed robbery and larceny from the person. Defendant requested additional instructions on second-degree criminal sexual conduct (CSC II), fourth-degree criminal sexual conduct (CSC IV), attempt instructions on all four degrees of criminal sexual conduct, and attempt instructions on the three theft offenses. The trial court denied defendant's request and defendant was convicted of first-degree criminal sexual conduct and armed robbery. Defendant appeals. *Held:*

1. Impeachment of a defendant by evidence of prior convictions should be allowed only with caution and the more similar the prior convictions are to the crime charged, the greater the amount of caution required and, in this case, the error cannot be considered harmless.

2. A necessarily lesser included offense is one which must be committed whenever the greater offense is committed and it is error for a trial court to refuse a requested instruction on such an offense.

3. Attempt is always a necessarily lesser included offense of

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 320, 321, 333.
[2-4] 75 Am Jur 2d, Trial §§ 876–882.
[4] 21 Am Jur 2d, Criminal Law §§ 110–112
[5] 21 Am Jur 2d, Criminal Law § 18 *et seq.*
   65 Am Jur 2d, Rape §§ 1–3, 110.

the crime attempted and, where requested, a jury instruction on attempt must be given.

4. CSC II is a necessarily lesser included offense of CSC I since the difference between them is that CSC I requires sexual penetration and CSC II requires only sexual contact and since sexual penetration necessitates sexual contact.

5. The aider and abettor sections of the CSC I and II statutes have no counterpart in the CSC III and IV statutes; CSC III and IV are not lesser included offenses of the aider and abettor section of CSC I and II.

Reversed and remanded.

CYNAR, J., concurred in part and dissented in part. He agreed with the majority except that he would hold CSC III and IV are necessarily lesser included offenses of the aider and abettor section of CSC I and II.

OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—IMPEACHMENT—PRIOR CONVICTIONS.

Impeachment of a criminal defendant by evidence of prior convictions for similar crimes should be allowed with caution and the more similar the prior conviction to the offense charged, the greater the amount of caution required.

2. CRIMINAL LAW—LESSER INCLUDED OFFENSES—NECESSARILY LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

A necessarily lesser included offense is one which must be committed whenever the greater offense is committed and it is error for a trial court to refuse a requested instruction on such a lesser offense.

3. CRIMINAL LAW—LESSER INCLUDED OFFENSES—COGNATE LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

A cognate lesser included offense is of the same class and category as the greater offense although it may contain some elements not found in the greater and the charge of the greater offense provides fair notice to the defendant that he will have to defend against the lesser offense; an instruction on a cognate lesser included offense must be given where it is requested and where the evidence presented at trial would support conviction of the cognate offense.

4. CRIMINAL LAW—LESSER INCLUDED OFFENSES—ATTEMPT—INSTRUCTIONS TO JURY.

An attempt is a necessarily lesser included offense of the crime

attempted and, where requested, a jury instruction on attempt must be given.

5. CRIMINAL LAW—STATUTES—CRIMINAL SEXUAL CONDUCT—FIRST AND SECOND-DEGREE CRIMINAL SEXUAL CONDUCT—LESSER INCLUDED OFFENSES.

Second-degree criminal sexual conduct accomplished by force or coercion and aided or abetted by another is a necessarily lesser included offense of first-degree criminal sexual conduct accomplished by the same means since the only difference between the two degrees is that sexual penetration is necessary for first-degree while only sexual contact is necessary for second-degree (MCL 750.520b[1][d][ii], 750.520c[1][d][ii]; MSA 28.788[2][1][d][ii], 28.788[3][1][d][ii]).

6. CRIMINAL LAW—STATUTES—CRIMINAL SEXUAL CONDUCT—MULTIPLE ASSAILANT PROVISIONS—LESSER INCLUDED OFFENSES—FIRST, SECOND, THIRD AND FOURTH DEGREE CRIMINAL SEXUAL CONDUCT.

First- and second-degree criminal sexual conduct aided and abetted by another and accomplished by force or coercion do not have sexual conduct of the third- or fourth-degree as lesser included offenses because the third- and fourth-degree offenses do not have any multiple assailant provisions (MCL 750.520b[1][d][ii], 750.520c[1][d][ii]; MSA 28.788[2][1][d][ii], 28.788[3][1][d][ii].

CONCURRENCE IN PART, DISSENT IN PART BY CYNAR, J.

7. CRIMINAL LAW—STATUTES—CRIMINAL SEXUAL CONDUCT—LESSER INCLUDED OFFENSES—NECESSARILY LESSER INCLUDED OFFENSES.

*Third-degree criminal sexual conduct accomplished by force or coercion and fourth-degree criminal sexual conduct accomplished by force or coercion are necessarily lesser included offenses of first-degree criminal sexual conduct accomplished by force or coercion and aided or abetted by one or more other persons since sexual contact is necessarily included in sexual penetration and the greater offense requires proof of an additional element, an aider or abettor, that the lesser included offenses do not require (MCL 750.520d[1][b], 750.520e[1][a], 750.520b[1][d][ii]; MSA 28.788[4][1][b], 28.788[5][1][a], 28.788[2][1][d][ii]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,*

Prosecuting Attorney and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*Marc L. Goldman,* for defendant on appeal.

Before: ALLEN, P.J., and CYNAR and D. R. FREEMAN,* JJ.

ALLEN, P.J. Defendant was charged with and convicted of criminal sexual conduct in the first degree—sexual penetration of another while aided or abetted by one or more other persons and by the use of force or coercion to accomplish the sexual penetration, MCL 750.520b(1)(d)(ii); MSA 28.788(2)(1)(d)(ii), and armed robbery, MCL 750.529; MSA 28.797. Defendant was jointly tried before a jury with his accomplice and codefendant, John Denny, who was also found guilty and whose appeal is pending in this Court.[1] Sentenced to 50–75 years in prison on the criminal sexual conduct conviction and life imprisonment on the armed robbery conviction on July 8, 1976, defendant appeals of right.

The complaining witness and victim was picked up by defendant and his accomplice while she was hitchhiking. She was taken to a building where she was forced to participate in acts of sexual intercourse and fellatio with both defendants. In the course of her abduction and the assault upon her, the victim was struck and injured. Prior to releasing the victim the defendants took, at knifepoint, what money she had. The victim also believed that at least one of her assailants was armed. At trial defendant did not deny sexual activity with the complaining witness, but claimed that she consented.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *People v Denny,* 86 Mich App 40; 272 NW2d 332 (1978).

On appeal, defendant claims the trial court erred reversibly by admitting into evidence two prior similar convictions. Defendant also claims reversible error in the trial court's failure to give requested jury instructions on nine necessarily included lesser offenses as mandated by the decision in *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975).

## I. IMPEACHMENT BY PRIOR SIMILAR CONVICTIONS

Prior to trial, defense counsel moved that the court issue a protective order prohibiting cross-examination of defendant regarding prior convictions for first-degree criminal sexual conduct. The motion was denied for the same reason the court denied an identical motion made on behalf of codefendant Denny.[2] Defendant took the stand and on cross-examination by the assistant prosecutor was asked whether just three months prior to trial he had pled guilty to two counts of criminal sexual conduct in the first degree. Defendant answered yes. In instructing the jury the trial court instructed that defendant's admission of his prior convictions was to be considered only as it affected his credibility and not as evidence of guilt of the offense charged.

The trial court properly recognized it had discretion to admit or exclude the prior convictions under the standards set forth in *People v Jackson,*

[2] Responding to the motion of codefendant Denny, the Court stated: "The motion is denied. He is charged at this time with criminal sexual conduct, *and any charge that is similar, the prosecution may go into it for the question of credibility."* (Emphasis supplied.) Responding further to the motion of defendant Green the court stated: "But anyway, the jury is entitled to know this. The law is very clear. If he takes the stand, the prosecution can go into his past record—*not regarding any dissimilar crimes,* which I never allow—*but of similar crimes of a similar nature, the jury can hear them.* The motion is denied." (Emphasis supplied.)

391 Mich 323; 217 NW2d 22 (1974). The problem is that the trial court then applied the standards upside down. In other words, the court made the same error it made in *People v Cash,* 80 Mich App 623; 264 NW2d 78 (1978). Impeachment by evidence of convictions for similar crimes should be admitted with caution. *Id.* at 627. The more similar the prior conviction to the offense charges, the greater is the amount of caution required. *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978). Unlike *Cash,* the error cannot be considered harmless in the present case. There, the defendant denied being convicted of the similar crime and consequently the jury did not know, as was admitted here, that the defendant had committed the act before.

Accordingly, we reverse defendant's convictions and remand for a new trial. Upon retrial the court should weigh the prejudicial effect versus the probative value of the prior conviction as set forth in *Jackson, supra,* and as further explained in *Cash* and *Crawford, supra.* See also, MRE 609.[3] Since upon retrial defendant may again request lesser included offense instructions, we proceed to discuss this exceedingly complex issue.

## II. ATTEMPT INSTRUCTIONS

The trial court instructed the jury on first-degree criminal sexual conduct, MCL 750.520b(1)(d)(ii); MSA 28.788(2)(1)(d)(ii), third-degree sexual conduct (penetration accomplished by force or coercion), MCL 750.520d(1)(b); MSA 28.788(4)(1)(b), armed robbery, MCL 750.529; MSA

---

[3] Further guidelines for the admissibility of prior convictions will be found in the recently adopted Michigan Court Rules—1978 Evidence Rules. See Supplemental Pamphlet, Proposed Rules of Evidence with Committee Notes, West Publishing Co. (1977), pp 40–44.

28.797, unarmed robbery, MCL 750.530; MSA 28.798, and larceny from a person, MCL 750.357; MSA 28.589. Defendant's counsel requested additional instructions on criminal sexual conduct in degrees II and IV, attempt instructions on all four degrees of criminal sexual conduct, and attempt instructions for each of the three theft offenses.[4] The trial court refused to give the instructions on criminal sexual conduct II and IV because sexual penetration as opposed to sexual contact was admitted by the defendant and therefore, according to the court, there was no factual basis to give the instructions. The court also ruled that there was no factual basis upon which to give any of the requested attempt instructions.

Two classes of lesser included offenses are recognized in Michigan—necessarily included lesser offenses and cognate lesser offenses. *People v Ora Jones, supra.* The Supreme Court in *Ora Jones* described a necessarily included lesser offense as one which must be committed whenever the greater offense is committed. Under *Ora Jones,* the evidence will always support conviction of a necessarily included lesser offense if it supports conviction of the greater offense, and refusal to give a requested instruction on such an offense is error. In *Ora Jones,* a cognate lesser offense was described as sharing several elements with and as

---

4 "MR. SALLADE *[Defendant's Attorney]:* * * * I also would indicate that we would like instructions as to the attempted commissions of all these offenses, not just the commission but the attempted as to all of them, and also all of the included offenses under the statute dealing with criminal sexual conduct.

"THE COURT: Tell me what they are, that I didn't give?

"MR. SALLADE: The second and the fourth.

"THE COURT: So you want the second and the fourth?

"MR. SALLADE: I want them in regardless of the testimony, and also we want in attempted armed robbery, attempted unarmed robbery, attempted larceny from a person, and attempted on all four of those categories of the sexual conduct statute as well."

being of the same class or category as the greater offense, but it may contain some elements not found in the greater offense. In order to be a lesser included cognate offense, the charged offense must provide fair notice to the defendant that he will have to defend against the lesser offense. A cognate offense has a common statutory purpose and protects the same societal interests as the greater offense. If evidence is presented at trial which would support conviction of the cognate offense, then an instruction on that offense must be given if requested.

In the case at bar the trial court instructed on unarmed robbery and larceny from a person which are necessarily included lesser offenses, and such a requested instruction must be given. *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976). Since an attempt to commit an offense is simply a failure in the perpetration of the offense, MCL 750.92; MSA 28.287, it is readily apparent why an attempt is also necessarily included in the greater offense. All of the elements of the attempt are the same as those of the greater offense except some act which is not completed. Under the *Ora Jones* reasoning, the fact that all of the evidence produced at trial indicated a completed armed robbery is an insufficient reason for not instructing on necessarily included lesser offenses, since the jury is the sole judge of all of the facts and can choose, without any apparent logical basis, what to believe and what to disbelieve. *People v Chamblis,* 395 Mich 408, 420; 236 NW2d 473 (1975).

The same logic supporting the decision in *Lovett* should apply to a requested attempt instruction to unarmed robbery and larceny from a person. Hence, we conclude that the attempts to unarmed robbery and larceny from a person are necessarily

included lesser offenses to their greater, completed offenses. Since the offenses of unarmed robbery and larceny from a person are necessarily included lesser offenses of armed robbery, the lesser attempt offenses of these two theft offenses are also necessarily included lesser offenses of armed robbery. It was consequently error to refuse to give the requested instruction to attempted unarmed robbery, attempted larceny from a person, and attempted armed robbery.

### III. Criminal Sexual Conduct Instructions

We further find that the lower court erred in refusing to instruct on the necessarily included lesser offenses of second-degree criminal sexual conduct (CSC) and attempted first- and second-degree CSC. Defendant was charged under subsection (d) of criminal sexual conduct in the first degree, that is, an actor and aider or abettor used force or coercion to accomplish sexual penetration. MCL 750.520b(1)(d)(ii); MSA 28.788(2)(1)(d)(ii). This subsection, along with all of the other types of first-degree criminal sexual conduct, is carried through to second-degree criminal sexual conduct. The only difference between the two degrees is that sexual penetration must be accomplished for first-degree CSC, whereas only sexual contact need be engaged in for second-degree CSC. Since all of the elements of CSC II are the same as those of CSC I except for penetration, and there cannot be penetration without contact, second-degree CSC is a necessarily included lesser offense of CSC I. *People v Secreto,* 81 Mich App 1; 264 NW2d 99 (1978), *People v Thompson,* 76 Mich App 705; 257 NW2d 268 (1977).

There is no category of third- or fourth-degree criminal sexual conduct which corresponds to sub-

section (d) of first- and second-degree criminal sexual conduct. This is also true for several of the other types of first- and second-degree sexual conduct. For these types of CSC I and II, including subsection (d), neither CSC III nor CSC IV are lesser included offenses, necessarily included or otherwise. *People v Secreto, supra.* Consequently, there was no error in refusing to instruct on CSC IV and attempted CSC III or IV since these offenses are not lesser included offenses of CSC I and II subsection (d).[5]

The CSC statute represents the results of considerable legislative debate. The Legislature did not provide a multiple assailant provision in CSC III or IV. Neither CSC III nor IV was designed to provide a penalty for this type of criminal sexual conduct. A defendant charged under the multiple assailant provisions of the CSC statute would not receive fair notice of possible prosecution under CSC III and IV. CSC III and IV do not protect the interests of society against subsection (d) type offenses. We have considered and rejected the argument that the "force or coercion" provisions of CSC III and IV automatically make them lesser included offenses of subsection (d) of CSC I and II. These provisions are better considered as the intended, lesser included offenses subsection (f) of CSC I and II, for they are basically the same offense minus the element of injury and they protect the same societal interests. This construction maintains the integrity of the legislative scheme.

Upon retrial, a CSC II instruction if requested should be given. Since there must be contact to have penetration, *People v Thompson, supra,* and

---

[5] The trial court did instruct on CSC III. Since this was not a charged offense or lesser included offense it was not necessary to instruct on attempted CSC III.

this is the only distinguishing factor between first-
and second-degree CSC, second-degree criminal
sexual conduct is a necessarily lesser included
offense of first-degree criminal sexual conduct. We
also hold that upon retrial, attempt instructions to
CSC I and II, if requested, should be given. As
noted earlier, an attempt is necessarily included in
the completed offense.[6]

In summary, we reluctantly conclude that the
Supreme Court's holding in *Ora Jones* and *Lovett*
requires this Court to hold that in the present case
the trial court erred by refusing to give six of the
nine requested instructions. Our reluctance to so
hold stems from what we perceive will be the
confusion resulting from requiring the jury to rule
on a multitude of added charges. In the instant
case the jury will be required to pass on the four
charges given by the trial court plus the six addi-
tional charges required under this opinion. Since
defendant was tried jointly with an accomplice the
jury, if properly instructed, is asked to pass on 20
charges. In *Ora Jones,* only one lesser included
offense was involved. Conceivably, the Supreme
Court did not foresee the practical problems flow-
ing from strict adherence to the majority opinion
in *Ora Jones.*

Reversed and remanded for new trial.

D. R. Freeman, J., concurred.

---

[6] There may be some discussion whether the statutory scheme for
criminal sexual conduct contains its own attempt provisions. *See
People v Denmark,* 74 Mich App 402, 416; 254 NW2d 61 (1977). We
believe that there may be a criminal effort to sexually penetrate or to
sexually contact which falls short of the completed act of penetration
or contact. Thus, we find there can be attempts to any degree of
criminal sexual conduct. This would be consistent with the reasoning
prior to the enactment of the CSC statutes. *See People v Terry,* 80
Mich App 299; 263 NW2d 352 (1977) (attempted statutory rape),
*People v Herbert Ross,* 73 Mich App 588; 252 NW2d 526 (1977)
(attempted rape).

CYNAR, J. *(concurring in part, dissenting in part).* I concur in the majority's disposition of issue I. The trial judge's improper exercise of discretion in ruling upon the admissibility of the prior convictions requires a new trial.

I also concur in the analysis of issue II which relates to the attempt instructions.

However I disagree with the analysis of issue III, to the extent that it holds that CSC III subsection (b) and CSC IV subsection (a) are not lesser-included offenses of CSC I subsection (d)(ii). I find no support for the majority's proposition that a defendant charged with CSC I subsection (d)(ii) would not receive fair notice of possible prosecution for CSC III or CSC IV.

Moreover, an examination of the elements of the offenses indicates that this is a situation of *necessarily* lesser-included offenses. CSC IV subsection (a) requires proof of:

1) sexual contact and
2) force or coercion.

CSC III subsection (b) requires proof of:

1) sexual penetration and
2) force or coercion.

Since there can be no penetration without contact, *People v Thompson,* 76 Mich App 705, 708; 257 NW2d 268 (1977), CSC IV subsection (a) is a necessarily lesser-included offense of CSC III subsection (b).

CSC I subsection (d)(ii) requires proof of:

1) sexual penetration,
2) force or coercion, and
3) one or more aiders and abettors.

Thus, CSC I subsection (d)(ii) consists of all the elements of CSC III subsection (b), plus the additional element of an aider and abettor. Since proof of CSC I subsection (d)(ii) *necessarily* proves all the

elements of CSC III subsection (b) and CSC IV
subsection (a), these latter offenses are necessarily
included offenses of CSC I subsection (d)(ii). *People
v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461
(1975).[1]

Although disagreeing with the majority's analy-
sis of issue III, I am in complete agreement with
their apparent goal of cutting back on the require-
ments of *Ora Jones.* The requirement that the jury
be instructed on *all* requested lesser-included of-
fenses creates jury confusion and confounds both
the bench and the bar. This is especially true in a
case such as this where *Ora Jones* requires the
jury to be instructed on 14 separate charges. Hope-
fully, the Supreme Court will save us from the
confusion engendered by *Ora Jones.* However,
since we are still bound by *Ora Jones* and its
progeny, I must conclude that the trial judge at
the new trial must, upon request, instruct the jury
on CSC III, CSC IV and attempts to commit the
same.

---

[1] In a similar fashion the majority points out that these offenses are
lesser-included offenses of CSC I subsection (f), which requires proof of
1) sexual penetration, 2) force or coercion, and 3) injury to the victim.
What the majority fails to see is that CSC III subsection (b) and CSC
IV subsection (a) are necessarily included offenses of *both* CSC I
subsection (d)(ii) and subsection (f).