PEOPLE v ROBINSON

Docket No. 47618. Submitted September 3, 1980, at Detroit.—Decided
November 20, 1980.

Michael B. Robinson was charged with first-degree criminal sex-
ual conduct involving penetration during the commission of the
felony of larceny in a building and was convicted after a
nonjury trial of third-degree criminal sexual conduct involving
penetration effected by means of force or coercion, Recorder's
Court of Detroit, Leonard Townsend, J. Defendant appeals,
alleging that the latter offense is not a lesser included offense
of the former and that the trial judge failed to specifically state
under what subsection of the statute he found defendant guilty.
*Held:*

1. A lesser offense is or may be included within a greater
offense if the lesser offense is of the same class or category or
closely related to the originally charged offense so as to provide
fair notice to the defendant that he will be required to defend
against it. An offense is a cognate lesser included offense where
it shares overlapping elements with the greater offense and the
overlapping elements relate to a common statutory purpose.
Whether a lesser offense is a cognate included offense depends
upon whether the facts in a given case will support a conviction
on the lesser offense. The proofs were sufficient to support the
conviction and the statutes creating the crimes have the shared
purpose of protecting the public from the most invasive type of
sexual assault: penetration. The evidence in *this* case was
sufficient to find the latter offense to be a cognate lesser
included offense of the former.

2. The textual proximity of the statutes creating first- and
third-degree criminal sexual conduct and their logical connec-

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 21 Am Jur 2d, Criminal Law § 182 *et seq.*
    What constitutes lesser offenses "necessarily included" in offense
    charged, under Rule 31(c) of Federal Rules of Criminal Procedure.
    11 ALR Fed 173.
[3, 4] 21 Am Jur 2d, Criminal Law § 220.
    75 Am Jur 2d, Trial §§ 420, 837.

tion preclude the defendant from claiming lack of notice that a charge of the former required him to defend against the latter.

3. While the trial judge did not specifically state the subsection under which he found defendant guilty, the record clearly disclosed the path the judge followed in reaching his verdict.

Affirmed.

D. C. RILEY, P.J., concurred in the result only.

1. CRIMINAL LAW — LESSER INCLUDED OFFENSES — PLEADING — DUE PROCESS — FAIR NOTICE.

A lesser offense is or may be included within a greater offense if the lesser offense is of the same class or category or closely related to the originally charged offense so as to provide fair notice to the defendant that he will be required to defend against it; the fact that a lesser offense within the same category as the greater charged offense has an element not included in the greater does not preclude the lesser from being included in the greater.

2. CRIMINAL LAW — LESSER INCLUDED OFFENSES — COGNATE OFFENSES.

An offense is a cognate lesser included offense where it shares overlapping elements with the greater offense and the overlapping elements relate to a common statutory purpose and protect the same societal interests; whether a lesser offense is a cognate included offense depends upon whether the facts in a given case will support a conviction on the lesser offense.

3. CRIMINAL LAW — DUE PROCESS — NOTICE — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

To assure a defendant's due process right to fair notice, a trial judge may not instruct on lesser included offenses over defendant's objection unless the language of the charging document gives the defendant fair notice that he could at the same time face the lesser included offense charge.

4. RAPE — CRIMINAL SEXUAL CONDUCT — DUE PROCESS — NOTICE.

The textual proximity and logical connection of the statutes creating first- and third-degree criminal sexual conduct preclude a defendant from asserting lack of notice that a charge of the former requires him to defend against the latter in cases where the evidence adduced indicates the latter to be a cognate lesser included offense of the former.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Socorro G. Arce,* for defendant.

Before: D. C. Riley, P.J., and J. H. Gillis and V. J. Brennan, JJ.

J. H. Gillis, J. Defendant was charged with first-degree criminal sexual conduct, MCL 750.520b(1)(c); MSA 28.788(2)(1)(c) (hereinafter CSC I). He was convicted in a nonjury trial of third-degree criminal sexual conduct, MCL 750.520d(1)(b); MSA 28.788(4)(1)(b) (hereinafter CSC III),[1] and sentenced to 6 to 15 years imprisonment. He appeals by right, GCR 1963, 806.1.

Subsection (c) of CSC I involves sexual penetration during the commission of another felony. Subsection (b) of CSC III involves sexual penetration effected by means of force or coercion. Defendant first claims on appeal that his conviction must be reversed because CSC III subsection (b) is not a necessarily or cognate lesser included offense of CSC I subsection (c).

Defendant cites *People v Secreto,* 81 Mich App 1; 264 NW2d 99 (1978), *lv den* 406 Mich 1019 (1979), as one case in support of his argument. In *Secreto,* defendant was convicted of 2 counts CSC I: sexual penetration during the commission of another felony and sexual penetration through force or coercion which causes personal injury. On appeal to this Court, it was held, *inter alia,* that

---

[1] The trial judge's findings of fact did not specify the subsection of CSC III under which he found defendant guilty. Our analysis of defendant's second issue, *infra,* discloses that the verdict can only have been premised on CSC III subsection (b).

CSC I perpetrated during the commission of another felony has no lesser included offenses in CSC III or CSC IV:

"[t]here are no crimes corresponding to third and fourth-degree criminal sexual conduct and thus those offenses are not lesser included offenses, necessarily or otherwise, to the greater offense of first-degree criminal sexual conduct brought under MCLA 750.520b(1)(c)." *Secreto, supra,* 4.

In *People v Green,* 86 Mich App 142; 272 NW2d 216 (1978), a case also cited by defendant, one of the charged offenses was CSC I—an aider and abettor used force or coercion to accomplish sexual penetration. MCL 750.520b(1)(d); MSA 28.788(2)(1)(d). Defendant requested, but was denied, jury instructions on CSC II and IV as well as attempt instructions on all four degrees of criminal sexual conduct. With regard to the CSC III and CSC IV instructions, the Court held that neither type of criminal sexual conduct constituted a lesser included offense of CSC I where a charge of that nature is premised on facts involving an aider and abettor:

"There is no category of third- or fourth-degree criminal sexual conduct which corresponds to subsection (d) of first- and second-degree criminal sexual conduct. * * * Consequently, there was no error in refusing to instruct on CSC IV and attempted CSC III or IV since these offenses are not lesser included offenses of CSC I and II subsection (d)." *Green, supra,* 150-151.[2]

---

[2] Judge CYNAR's dissent in *Green,* 86 Mich App 142, 153-154, analyzed the relationship between CSC I subsection (d) and CSC III subsection (b) as follows:

"I find no support for the majority's proposition that a defendant charged with CSC I subsection (d)(ii) would not receive fair notice of possible prosectuion for CSC III or CSC IV.

"Moreover, an examination of the elements of the offenses indicates that this is a situation of *necessarily* lesser-included offenses. * * *

*Secreto* held that neither CSC III nor IV is a lesser included offense of CSC I subsection (c). *Green* held that CSC I subsection (d) has no lesser included offenses, necessarily or otherwise, in CSC III or IV. Both *Green* and *Secreto* analyzed the question by determining whether the corresponding categories of the charged offense were elements of the claimed lesser included offenses, on the face of the statute. Thus, because CSC I based on facts involving an aider and abettor using force or coercion to accomplish sexual penetration is exactly reflected on the face of CSC II, but for the penetration element, the Court in *Green* did find that CSC II is a necessarily included lesser offense. *Green, supra,* 150.

To relegate the determination of *both* necessarily and cognate lesser included offenses to a mechanical comparison of the wording of the criminal sexual conduct statute is to conduct only an analy-

"CSC III subsection (b) requires proof of:
"1) sexual penetration and
"2) force or coercion.

\* \* \*

"CSC I subsection (d)(ii) requires proof of:
"1) sexual penetration,
"2) force or coercion, and
"3) one or more aiders and abettors.
"Thus, CSC I subsection (d)(ii) consists of all the elements of CSC III subsection (b), plus the additional element of an aider and abettor. Since proof of CSC I subsection (d)(ii) *necessarily* proves all the elements of CSC III subsection (b) and CSC IV subsection (a), these latter offenses are necessarily included offenses of CSC I subsection (d)(ii). *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975).[1]

"[1] In a similar fashion the majority points out that these offenses are lesser-included offenses of CSC 1 subsection (f), which requires proof of 1) sexual penetration, 2) force or coercion, and 3) injury to the victim. What the majority fails to see is that CSC II subsection (b) and CSC IV subsection (a) are necessarily included offenses of both CSC I subsection (d)(ii) and subsection (f)."

Whether we agree with his analysis or not, it does not aid us here, because the greater offense in *Green* was CSC I subsection (d) rather than, as here, CSC I subsection (c).

sis of the question of necessarily included lesser offenses. Such an approach with regard to cognate lesser included offenses courts erroneous conclusions because the crucial question with regard to cognates is whether the offense charged provided defendant with fair notice that he must also defend against such lesser included offenses. *People v Ora Jones,* 395 Mich 379, 388; 236 NW2d 461 (1975), *reh den* 396 Mich 976 (1976).

Cognate lesser included offenses share overlapping elements with the greater offense and such overlapping elements relate to a common statutory purpose. *People v Bryant,* 80 Mich App 428, 433; 264 NW2d 13 (1978), *lv den* 402 Mich 942 (1978). But, the greater and the lesser may each include one or more elements not shared with the other. The test for a cognate lesser included offense is, thus, two-fold. *People v Rood,* 83 Mich App 350, 352; 268 NW2d 403 (1978). Although two offenses may share a common statutory purpose, if there are no overlapping elements, they are not cognate. *People v Matuja,* 77 Mich App 291, 295; 258 NW2d 79 (1977). Likewise, although two offenses may share one element, they are not cognate where they serve to remedy two separate problems. *People v Davenport,* 89 Mich App 678, 683; 282 NW2d 179 (1979).

In the instant case, CSC I subsection (c) and CSC III subsection (b) share an overlapping element: sexual penetration. Whether the two types of criminal sexual conduct are related to a common statutory purpose requires consideration of the question whether the lesser offense protects the same societal interests as the greater. *People v Payne,* 90 Mich App 713, 720; 282 NW2d 456 (1979). Further, the question of whether one offense is a cognate of another must be resolved by referring to the evi-

dence adduced at trial to determine whether the record would support a conviction of the lesser offense. *Payne, supra,* 720, *Bryant, supra,* 433.

In the case at bar, the record reveals that defendant broke into the victim's home, entered her bedroom while she was asleep, turned the ceiling light on for one moment, and then jumped on top of her on the bed. After asking who else was in the home (only the victim's children, who were also asleep), and where the victim's money was located, the defendant stated in colloquial terms that he intended to sexually assault the victim. He did so, effecting penetration. He then turned the complainant over on her stomach, placed a pillow over her head, and asked where her purse was kept. She told him, after he refused to allow her to turn over, and he took the purse and left the home. Sometime during the assault, defendant told the complainant that he did not want to hurt her.

Because he found some question as to whether the evidence established that defendant had actually taken the purse, the trial judge found defendant guilty of CSC III. This finding was consistent with the evidence, given proof that defendant entered the home without the victim's permission or knowledge, jumped on top of her on the bed and, during the course of the sexual penetration, impliedly threatened her by stating that he did not want to hurt her.

We further find that the overlapping elements, sexual penetration, have the shared purpose of protecting the public from the most invasive type of sexual assault. Although the method of effecting sexual penetration may differ in theory, depending on which type is charged, and thus be supposed to involve different societal interests, the evidence of *this* case supports a finding that, *here,* CSC III

subsection (b) is a cognate lesser included offense of CSC I subsection (c). The issue must be decided on a case-by-case basis, *Ora Jones, supra,* 390, and not merely by reference to the face of the statute.

The remaining question for our consideration is whether defendant had fair notice that he would be required to defend against a charge of CSC III subsection (b), from the language of the information:

"* * * Defendant * * * did engage in sexual penetration, to-wit: SEXUAL INTERCOURSE with the COMPLAINANT and the sexual penetration occurred under circumstances involving the commission of another felony, to-wit: Larceny in a building, Contrary to Sec. 750.520b(1) MCLA."

In *People v Chamblis,* 395 Mich 408, 418; 236 NW2d 473 (1975), *reh den* 396 Mich 976 (1976), the Michigan Supreme Court considered the issue of fair notice and concluded that "[t]o assure defendant's due-process rights to fair notice, the trial judge may not instruct on lesser included offenses over defendant's objection unless the language of the charging document 'be such as to give the defendant notice that he could at the same time face the lesser included offense charge'. *United States v Whitaker,* 144 US App DC 344, 350; 447 F2d 314, 320 (1971)." Just preceding this statement, the Court quoted as follows from *United States v Brewster,* 165 US App DC 1, 14, fn 32; 506 F2d 62, 75, fn 32 (1974):

"As a caveat, we note that in a situation where the lesser included offense statute under which a defendant was convicted is relatively remote textually from the greater offense statute under which he was charged or where the logical connection between the statutes is not

so obvious or well established, we might well hold that the lesser included offense conviction could not stand for want of proper notice in the indictment. In such a situation, our holding would depend on the precise record of the case and the terms of the specific statutes involved."

Using the language of *Brewster,* we do not find that the statute under which defendant was convicted is at all "remote textually from the greater offense statute under which he was charged". Nor do we find that "the logical connection between the statutes is not * * * obvious or well established". The criminal sexual conduct act is explicitly arranged by degrees. It being a general rule of statutory interpretation that the Legislature is "presumed to know of and legislate in harmony with existing laws * * *", *People v Harrison,* 194 Mich 363, 369; 160 NW 623 (1916), MCL 768.32; MSA 28.1055[3] may be applied in this case to the end that the textual proximity of and logical connection between *first degree* criminal sexual conduct subsection (c) and *third degree* criminal sexual conduct subsection (b), preclude the defendant from claiming lack of fair notice that a barebones charge of the former required him to defend against the latter as a cognate lesser included offense. We thus reject his claim that his conviction of CSC III subsection (b) should be reversed because that offense is not a lesser included offense of CSC I subsection (c).

Defendant also asserts error because the trial judge did not explicitly state in his findings of fact

[3] "Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense."

under which subsection of CSC III he found defendant guilty. Although the court did not specify the subsection, a reading of the record clearly discloses the path that the judge followed in reaching his verdict. See, *People v Cook,* 89 Mich App 72, 80; 279 NW2d 579 (1979), *lv den* 406 Mich 1002 (1979), *People v Jackson,* 81 Mich App 18, 20; 264 NW2d 101 (1978).

The Legislature has provided for three varieties of CSC III. Subsection (a) involves sexual penetration with a person between the ages of 13 and 16. Subsection (b) involves sexual penetration effected by means of force or coercion. Subsection (c) involves sexual penetration with a person who is mentally defective. While evidence of force or coercion is present in the instant case, there is nothing implicating defendant in an act of sexual penetration with a mentally defective person, or with a person who was between the ages of 13 and 16. The judge having made adequate findings of fact in all other respects, we thus reject defendant's assertion and affirm his conviction.

Affirmed.

D. C. RILEY, P.J., concurs in result only.