PEOPLE v TRIPLETT

Docket No. 90943. Submitted June 18, 1987, at Grand Rapids. Decided
    September 22, 1987. Leave to appeal applied for.

Eddie L. Triplett was charged with first-degree criminal sexual
    conduct in Oakland Circuit Court. Following a jury trial, defen-
    dant was convicted of second-degree criminal sexual conduct
    and sentenced to five to fifteen years imprisonment, Stanley E.
    Everett, J. Defendant appealed.

The Court of Appeals *held:*

1. There was no improper and inadmissible reference to a
polygraph examination at trial. The description of defendant's
polygraph examination as a "specialized interview" was not a
self-evident reference to a polygraph examination and there
was no specific or clear reference to the fact that defendant had
failed a polygraph examination.

2. The trial court did not err in instructing the jury on
second-degree criminal sexual conduct. The evidence was suffi-
cient to warrant the instruction.

3. Defendant's contention that he is entitled to resentencing
or to a remand for articulation of the court's reasons for the
imposition of this particular sentence is rejected. Defendant
does not claim that the sentence shocks the conscience nor does
he give any reasons why the imposition of the sentence might
be an abuse of discretion. The sentence imposed falls within the
limits set by the sentencing guidelines and therefore is pre-
sumptively not excessively severe or unfairly disparate. Under
these facts, a remand is not necessary.

Affirmed.

W. J. CAPRATHE, J., would reverse and remand the case for a
new trial on the ground that the trial court clearly erred in

REFERENCES

Am Jur 2d, Criminal Law §§ 580 *et seq.*

Am Jur 2d, Evidence § 296

Am Jur 2d, Trial §§ 876 *et seq.*

Lesser-related state offense instructions: modern status. 50 ALR4th
    1081.

Admissibility of lie detector test taken upon stipulation that the
    result will be admissible in evidence. 53 ALR3d 1005.

allowing testimony as to the "specialized interview" with defendant and to the interviewing police officers' belief that defendant was lying when he said he did not have sexual intercourse with the victim. Judge CAPRATHE would hold that this testimony amounts to a self-evident reference to a polygraph examination. He concurs with the majority's opinion on the other issues.

1. CRIMINAL LAW — EVIDENCE — POLYGRAPH EXAMINATIONS.

A police officer's testimony that he conducted a "specialized interview" with a defendant, that he believed that the defendant lied during the interview, and that the defendant "wanted to be the one to tell [his girlfriend] that he had failed his . . . " does not amount to a specific or clear reference to the fact that the defendant failed a polygraph examination; the testimony is not an improper and inadmissible reference to a polygraph examination.

2. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

An objection by a defendant to the giving of an instruction on a lesser included offense is not controlling; it is the duty of the trial court to instruct the jury as to the law applicable to the case.

3. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES — EVIDENCE.

The duty of the trial court to instruct on lesser included offenses is determined by the evidence; when the evidence adduced at trial would warrant conviction on the lesser charge, the trial court may properly instruct the jury on that lesser offense.

4. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

A trial court may not instruct on lesser included offenses over the defendant's objection unless the language of the charging document gave the defendant fair notice that he may face a charge on the lesser offense.

5. CRIMINAL LAW — JURY INSTRUCTIONS — NECESSARILY INCLUDED LESSER OFFENSES.

It is error for a trial court to refuse a request for an instruction on a necessarily included lesser offense.

6. CRIMINAL LAW — SENTENCING — RESENTENCING — PRESUMPTIONS.

A trial court's failure to articulate reasons for the imposition of a sentence does not entitle the defendant to resentencing or to a

remand for articulation of reasons where the defendant does not claim that the sentence shocks the conscience or that the imposition of the sentence was an abuse of discretion; under such circumstances, the sentence is presumptively not excessively severe or unfairly disparate if it falls within the sentencing norm for the defendant's class of offender.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad Sindt,* Prosecuting Attorney, and *Samuel I. Durham, Jr.,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett*), for defendant on appeal.

Before: SAWYER, P.J., and MACKENZIE and W. J. CAPRATHE,* JJ.

PER CURIAM. Defendant was convicted of second-degree criminal sexual conduct, MCL 750.520c(1)(b); MSA 28.788(3)(1)(b), following a jury trial and was sentenced on December 17, 1985, to five to fifteen years imprisonment. Defendant appeals his conviction and sentence as of right. We affirm.

Following the preliminary examination, defendant was charged with first-degree criminal sexual conduct under the theory that he had engaged in sexual penetration with the victim, who was at least thirteen but less than sixteen years of age, specifically thirteen years, and that defendant was a member of the same household as the victim. MCL 750.520b(1)(b)(i); MSA 28.788(2)(1)(b)(i). Defendant was the live-in boyfriend of the victim's mother.

Defendant first claims that the testimony of two police officers indicated to the jury that defendant had failed a polygraph examination, that the testi-

* Circuit judge, sitting on the Court of Appeals by assignment.

mony should not have been admitted, and that error requiring reversal occurred as a result of its admission.

Michigan State Police Officer John J. Palmatier testified that on July 16, 1985, he conducted a "special interview" with defendant in the presence of Battle Creek Police Detective Robert Baker for the purpose of establishing whether defendant had had sexual intercourse with the thirteen-year-old victim. Initially, defendant said that he could not have raped the victim since on the night in question he had been attending a party at a hotel and was not at the family residence. After talking with defendant for approximately two and one-half hours, Officer Palmatier told defendant that he believed defendant was lying. After this statement to defendant, defendant never denied having sexual relations with the victim, but denied that things had occurred the way she claimed. He also stated that, if he told the truth, he would go to jail since the victim was only thirteen years old. Defendant then refused to say anything more until he had first told the truth to the girl's mother. During cross-examination, Officer Palmatier repeatedly stated his belief that defendant had lied during the interview.

Detective Baker also testified on the substance of the interview. On direct examination by the prosecutor, the following took place:

> *Q.* I see. Did you indicate he wanted to talk to his girlfriend— Did he still indicate that?
> *A.* Yes, he did. He said that he wanted to make sure that he was the first one to tell her. *He wanted to be the one to tell her first that he had failed his—*
> *The Court:* Just let it go at that. [Emphasis added.]

At the conclusion of the witness' testimony, defense counsel moved for a mistrial on the ground that, although Baker had been cut off in midsentence, it was clear to the jury that defendant had failed a polygraph examination. The trial court denied the motion.

It is well established that evidence that a polygraph examination was conducted and the results of such examination is inadmissible at trial. *People v Barbara,* 400 Mich 352, 357; 255 NW2d 171 (1977), reh den 400 Mich 1029 (1977). The reason for exclusion is the lack of trustworthiness of the accuracy of a polygraph examination. *People v Williams,* 123 Mich App 752, 757; 333 NW2d 577 (1983), lv den 418 Mich 947 (1984). The first question, therefore, is whether the officers' testimony constituted a clear indication to the jury that defendant had failed the polygraph examination.

In *People v Wallach,* 110 Mich App 37, 62-63; 312 NW2d 387 (1981), vacated on other grounds 422 Mich 875 (1985), a panel of this Court held that a comment about a "pre-test interview" was not a "self-evident reference to a polygraph examination." The *Wallach* Court also noted that nothing in the record suggested that the witness had deliberately attempted to inform the jury of the fact that defendant had taken a polygraph examination.

Similarly, in the instant case, there was no specific or clear reference to the fact that defendant had failed a polygraph examination, nor was Palmatier's description of the event as a "specialized interview" a "self-evident reference to a polygraph examination." In addition, nothing in the record suggests that either of the police witnesses deliberately attempted to inform the jury that defendant had failed his polygraph examination. We find the testimony of the two police officers

was not an improper and inadmissible reference to a polygraph examination.

Defendant's next claim is that there was no evidence which supported a conviction on the lesser offense of second-degree criminal sexual conduct and therefore no instruction should have been given on that offense.

The trial court instructed the jury on the lesser offense of second-degree criminal sexual conduct at the request of the prosecution. Defense counsel objected, arguing that there was no evidence produced at trial to establish that defendant criminally touched the victim and the jury would have to return a verdict of either guilty or not guilty of first-degree criminal sexual conduct. Since second-degree criminal sexual conduct is a felony, the rules set forth in *People v Stephens*, 416 Mich 252; 330 NW2d 675 (1982), are inapplicable.

As stated by our Supreme Court, an objection by a defendant to the giving of an instruction on a lesser included offense is not controlling. *People v Chamblis*, 395 Mich 408, 415; 236 NW2d 473 (1975), reh den 396 Mich 976 (1976), overruled in part on other grounds in *People v Stephens*, 416 Mich 252; 330 NW2d 675 (1982). It is the duty of the trial court to instruct the jury as to the law applicable to the case. MCL 768.29; MSA 28.1052.

The duty of the trial court to instruct on lesser included offenses is determined by the evidence. *Chamblis, supra,* p 419. When the evidence adduced at trial would warrant conviction on the lesser charge, the trial court may properly instruct the jury on that lesser offense. *Chamblis, supra,* p 423; *People v Ora Jones*, 395 Mich 379, 390; 236 NW2d 461 (1975), reh den 396 Mich 976 (1976); *City of Troy v McMaster,* 154 Mich App 564, 574; 398 NW2d 469 (1986). In addition, the trial court may not instruct on lesser included offenses over

defendant's objection unless the language of the charging document gave defendant fair notice that he may face a charge on the lesser offense. *Chamblis, supra,* p 418. Lastly, it is error for a trial judge to refuse a request for an instruction on a necessarily included lesser offense. *People v Shelton,* 138 Mich App 510, 515; 360 NW2d 234 (1984).

The parties in this case agree that second-degree criminal sexual conduct is a lesser included offense of first-degree criminal sexual conduct. There is a conflict in this Court on whether second-degree CSC is a necessarily included lesser offense of first-degree CSC. *People v Thompson,* 76 Mich App 705, 708; 257 NW2d 268 (1977), lv den 402 Mich 829 (1977), held that second-degree CSC was a necessarily included lesser offense since, in order to have sexual penetration, there must have been sexual contact. See also *People v Green,* 86 Mich App 142, 150; 272 NW2d 216 (1978); *People v Secreto,* 81 Mich App 1, 3; 264 NW2d 99 (1978), lv den 406 Mich 1019 (1979). However, in *People v Garrow,* 99 Mich App 834, 839; 298 NW2d 627 (1980), this Court held that second-degree criminal sexual conduct was only a factually included lesser offense of first-degree CSC since an element of second-degree CSC, namely that the touching be for the purpose of sexual gratification, was not included within the offense of first-degree criminal sexual conduct. Regardless of whether second-degree criminal sexual conduct is a necessarily included or factually included lesser offense, the evidence adduced at this trial warranted that such an instruction be given.

Both police officers testified that defendant changed his story during the course of the special interview and stated that, if he told the truth, he would go to jail anyway since the victim was only thirteen years old. This testimony was sufficient to

warrant the reasonable inference that sexual activity of some kind occurred between defendant and the victim.

In addition, the victim's testimony that defendant sexually penetrated her vagina with his penis also provided support for defendant's conviction of second-degree criminal sexual conduct. As noted in the conflict of authority described above, some panels of this Court have held that second-degree criminal sexual conduct is a necessarily included lesser offense of first-degree criminal sexual conduct since sexual penetration could not occur without sexual contact. Accordingly, the victim's testimony that sexual penetration occurred provides evidentiary support for the conclusion that sexual contact also occurred. Therefore, the evidence in the instant case was sufficient to warrant the jury instruction on second-degree criminal sexual conduct.

The final question is whether the failure of the sentencing judge to articulate his reasons for the sentence requires that defendant be resentenced or, in the alternative, whether the case should be remanded for such an articulation. The sentence imposed was within the range recommended by the guidelines. In view of the recent Supreme Court holding in *People v Broden* and *People v Murray,* 428 Mich 343; 408 NW2d 789 (1987), we must freshly reexamine *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

*Coles* required the trial court to articulate on the record at sentencing the reasons for imposing the sentence given. *Id.,* p 549. After stating the trial court's obligation of articulation, *Coles* next required the appellate court to review the trial court's exercise of discretion in sentencing but stated the appellate court "may afford relief to the defendant only if the appellate court finds that the

trial court, in imposing the sentence, abused its discretion to the extent that it shocks the conscience of the appellate court." *Coles, supra,* p 550.

The trial court did not articulate any reasons for the sentence in this case. However, defendant does not claim the sentence shocks the conscience. Defendant only complains of the failure to articulate.

In *People v Broden* and *People v Murray, supra,* the cases involved failure to articulate reasons for imposing the sentences and, at least in *Murray,* the defendant claimed the term of the sentence was "grossly disp[ro]portionate to the gravity of the offense" and shocking to the judicial conscience, *People v Murray,* 147 Mich App 227, 229; 383 NW2d 613 (1985). The Supreme Court held that the trial court's reference on the record to the guidelines was sufficient to obviate the articulation requirement where the sentence was actually within the guidelines and, further, that sentences falling within the recommended range are "presumptively not excessively severe or unfairly disparate because they fall within the sentencing norm for that class of offender." *Broden* and *Murray, supra,* pp 354-355.

The trial court here did not articulate reasons for the sentence, which was within the limits suggested by the guidelines, or make any reference to the guidelines. Defense counsel said on the record that he and the defendant had "read the presentence investigation report and take no exceptions thereto." We have a *Coles* error which is not cured by *Broden* and *Murray, supra.* The question is whether the error is error requiring reversal—what is the duty of the appellate court? If we remand for articulation of reasons, the trial judge can cure the defect by acknowledging that he was cognizant of the guidelines. This would

fulfill the requirements of *Broden* and *Murray* but would surely be an exercise in futility.

Defendant desires resentencing; however, under *Coles, supra,* we give defendant this relief only if we find the sentence is an abuse of discretion which shocks our conscience, a claim not even made by this defendant.

We do not find the imposition of this sentence an abuse of discretion. The sentence does not shock our conscience. Therefore, mindful that while the Supreme Court in *Broden* and *Murray, supra,* specifically stated that sentences within the guidelines could be shocking to the judicial conscience, *Id.,* p 354, n 18, in view of this defendant's failure to argue that this sentence is shocking or to give any reasons why the imposition of this sentence might be an abuse of discretion, we hold that under these facts the sentence is presumptively not excessively severe or unfairly disparate because it falls within the sentencing norm for that class of offender. *Id.,* pp 354-355.

Affirmed.

W. J. Caprathe, J. *(concurring in part and dissenting in part).* I concur with the majority's opinion on the last two issues, but dissent with respect to the first issue. I would, therefore, reverse the defendant's conviction and remand the case for a new trial. In *People v Wallach,* 110 Mich App 37, 62-63; 312 NW2d 387 (1981), we held that a witness' mention of a "pre-test interview" was not a "self-evident reference to a polygraph examination." However, in reading *Wallach,* one is unable to determine what other testimony the witness gave that might be relevant to this issue.

In the present case the witness, Palmatier, testified that he conducted a specialized interview with

the defendant for the purpose of establishing whether the defendant had sexual intercourse with the victim. Not only was there this testimony regarding a "specialized interview," but there was also testimony that, after two and one-half hours, the officer had told the defendant he believed the defendant was lying. In addition, on cross-examination Officer Palmatier repeatedly stated his belief that defendant had lied during the interview.

Another witness, Detective Baker, subsequently testified and reiterated Palmatier's description of the interview. He was cut short, however, by the trial court when he testified that defendant had said that "he would like to be the one to tell her [his girlfriend] first that he had failed his . . . ." I believe that when these circumstances are considered collectively, they amount to a "self-evident reference to a polygraph examination."

The most logical, reasonable, and common response by jurors in filling in the blanks of the unfinished sentence would be "polygraph." For those who weren't familiar with polygraph machines, the testimony could lead to the conclusion that the officer used a "human lie detector" technique. This, of course, would also be inappropriate. *People v Izzo,* 90 Mich App 727, 730; 282 NW2d 10 (1979). *People v Smith,* 425 Mich 98, 113; 387 NW2d 814 (1986).

In any event, the lie detector implication bolstered Officer Palmatier's testimony that the defendant lied and negatively affected defendant's testimony at the trial. Therefore, it certainly was prejudicial and not harmless.

Therefore, I am firmly convinced that the trial court clearly erred in allowing this testimony.

I would reverse and remand for a new trial.