PEOPLE *v* SAM WILLIAMS

1. PHYSICIANS AND SURGEONS—DOCTOR-PATIENT PRIVILEGE—WAIVER.
   The doctor-patient privilege is personal to the patient; only the patient can waive the privilege.

2. CRIMINAL LAW—WITNESSES—PHYSICIANS AND SURGEONS—DOCTOR-PATIENT PRIVILEGE—WAIVER.
   Excluding as privileged the testimony of the doctor of the complainant in a rape case on motion by the prosecutor where the prosecutor was claiming the privilege on behalf of the state was error.

3. RAPE—EVIDENCE—DOCTOR-PATIENT PRIVILEGE—WAIVER.
   Excluding the testimony of the doctor of the complainant in a rape case was reversible error where the privilege was claimed by the prosecutor on behalf of the state and where the defendant intended to show through the doctor's testimony that the complainant, who had said she had been a virgin until the rape, had suffered a miscarriage before the rape allegedly occurred, because such testimony would have cast doubt on the complainant's credibility, a crucial issue.

Appeal from Ingham, James J. Kelley, Jr., J. Submitted Division 2 January 12, 1972, at Lansing. (Docket No. 11394.) Decided February 29, 1972.

Sam Williams, Jr., was convicted of statutory rape. Defendant appeals. Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 58 Am Jur, Witnesses § 437 *et seq.*
   Applicability in criminal proceedings of privilege as to communications between physician and patient. 7 ALR3d 1458.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Corbin R. Davis,* Assistant Prosecuting Attorney, for the people.

*George V. Warren,* for defendant on appeal.

Before: Danhof, P. J., and T. M. Burns and O'Hara,* JJ.

Per Curiam. Defendant appeals his conviction of statutory rape, MCLA 750.520; MSA 28.788, for which he is serving a sentence of 5 to 25 years.

At trial, the alleged victim testified that defendant raped her on September 18, 1967. She also claimed that she was a virgin prior to this incident and that, as a result of this one act of intercourse, she became pregnant and delivered a child. The date of the birth of this child was never established at trial, and defense counsel indicated he was unaware of the child's date of birth.

A doctor who had treated the prosecutrix for heavy menstrual bleeding prior to the time of the alleged rape was called as a witness by the defendant. It was defendant's intention to establish through the doctor's testimony that the prosecutrix may have suffered a miscarriage at that time. Such testimony would, of course, cast doubt upon the prosecutrix's story since she stated that she was a virgin until defendant raped her. The doctor's testimony was excluded as privileged because of the doctor-patient relationship existing at the time of the treatment. However, the privilege was claimed by the prosecuting attorney on behalf of the state. This was im-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

permissible. The privilege is personal to the patient who alone can waive it.[1]

Subsequently, the trial court in essence confessed error on this legal issue, but concluded that the error was harmless since the testimony, had it been admitted, would not have benefited the defendant.

We cannot agree. Since cases of this sort often reduce themselves to the credibility of two people, the prosecutrix and the defendant, it is our opinion that there must be a new trial. We are unwilling to infer from the doctor's statement just what his opinion would have been. Credibility is simply too crucial to defendant's case for us to indulge in any inferences.

We also note in arriving at our decision that defendant's newly-appointed counsel, at the motion for a new trial, introduced a birth certificate which established that the prosecutrix gave birth to a child seven months and twenty days after the alleged rape occurred. Although the reason that the certificate was not produced at the trial is not apparent, its existence does bear upon the issue of credibility of both the complaining witness and the defendant. Had the birth certificate been introduced, the question of whether the infant was a full term baby may very well have become highly relevant.

For the foregoing reasons, we reverse and remand for a new trial.

---

[1] "The privilege is the privilege of the person making the communication, and can only be waived by him personally." *Maynard v Vinton*, 59 Mich 139, 152. See also *NY Life Ins Co v Newman*, 311 Mich 368, 373:

"The privilege is personal to the client or patient and may be waived by him, or after his death, by his legal representative."