PEOPLE v THOMPSON

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—NECESSARILY INCLUDED LESSER OFFENSES.

It is reversible error to refuse to give requested instructions on necessarily included lesser offenses.

2. CRIMINAL LAW—NECESSARILY INCLUDED LESSER OFFENSES.

A necessarily included lesser offense is an offense which must be committed if the greater offense is committed.

3. RAPE—CRIMINAL SEXUAL CONDUCT—INSTRUCTIONS TO JURY—NECESSARILY INCLUDED LESSER OFFENSES—NEW TRIAL.

A proper remedy where a defendant has been convicted of first-degree criminal sexual conduct and the trial court had erred by not giving the defendant's requested instructions on the necessarily included lesser offenses of second, third and fourth-degree criminal sexual conduct is to remand the cause for entry of a judgment of conviction of fourth-degree criminal sexual conduct and resentencing; however, if the prosecutor is of the opinion that justice would be better served by a new trial, the trial court should, upon notification by the prosecutor prior to resentencing, vacate the judgment of conviction and grant a new trial on the original charge.

4. CONSTITUTIONAL LAW—CRIMINAL LAW—STATUTES—VAGUENESS.

A criminal statute is impermissibly vague if it does not provide fair notice of the conduct proscribed, confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed, or if its coverage is overbroad and impinges on First Amendment freedoms.

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 876–882.
[2] 21 Am Jur 2d, Criminal Law § 189.
[3] 58 Am Jur 2d, New Trial §§ 125–128.
[4] 21 Am Jur 2d, Criminal Law § 17.
[5] 21 Am Jur 2d, Criminal Law §§ 335, 336.
[6, 8, 9] 65 Am Jur 2d, Rape §§ 82, 83.
[7] 30 Am Jur 2d, Evidence § 1080.

5. Constitutional Law—Criminal Law—Right of Confrontation —Cross-Examination of Witnesses.

The right of confrontation protected by the Sixth Amendment secures principally the right to cross-examine witnesses; however, there is no fundamental right to ask a witness questions that are irrelevant.

6. Rape—Evidence—Victim's Sexual Behavior With Third Persons —Relevancy.

Inquiry on cross-examination into a rape victim's sexual behavior with third persons is not relevant.

7. Evidence—Relevancy—Prejudice—Probative Value.

Evidence is relevant when it is sufficiently probative of a fact in issue to offset the prejudice its admission produces.

8. Rape—Evidence—Victim's Sexual Behavior With Third Persons —Credibility—Relevance—Prejudice.

Evidence of a rape victim's sexual activity with third persons is in no way probative of the victim's credibility or veracity; if it were, the relevancy would be so minimal that it would not meet the test of prejudice.

9. Rape—Evidence—Victim's Sexual Behavior With Third Persons —Consent—Probative Value—Prejudice.

The fact that a victim has consented to sexual intimacy with a third party does not indicate consent to intimacy with the present defendant; the probative value of such evidence would not outweigh the prejudice to society and the criminal justice system of the consequences of its admission.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted May 3, 1977, at Detroit. (Docket No. 26630.) Decided July 18, 1977. Leave to appeal applied for.

Morris Thompson was convicted of criminal sexual conduct in the first degree. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training & Appeals, and *Timothy A.*

*Baughman,* Assistant Prosecuting Attorney, for the people.

*Lustig and Friedman, P. C.,* for defendant on appeal.

Before: T. M. BURNS, P. J., and BRONSON and C. W. SIMON, JR.,* JJ.

T. M. BURNS, P. J. On September 23, 1975, defendant was jury convicted of criminal sexual conduct in the first degree, MCLA 750.520b(1)(f); MSA 28.788(2)(1)(f). He was sentenced to 10 to 20 years in prison.

Defendant accosted the complainant while she was walking down the street. He forced her into his automobile and ordered her to remove her clothes. The complainant was forced to engage in sexual intercourse and fellatio. The complainant was struck by the defendant and suffered bruises and scars.

During cross-examination of the complainant, defense counsel asked if she had ever had sexual intercourse before the date of the rape. The trial court sustained the prosecutor's objection that such questioning was legally impermissible.

Defense counsel asked the trial court to instruct the jury on the lesser included offenses of second, third and fourth-degree criminal sexual conduct. The request was denied.

On appeal the defendant raises three issues. The first is whether the trial court erred in refusing to give instructions on the lesser included offenses. The prosecutor properly concedes error. It is reversible error to refuse to give requested instructions on necessarily included lesser offenses. A

---

* Circuit judge, sitting on the Court of Appeals by assignment.

necessarily included lesser offense is one which must be committed if the greater is committed. *People v Ora Jones,* 395 Mich 379, 387, 390; 236 NW2d 461 (1975).

Defendant was charged with first-degree criminal sexual conduct in engaging in sexual penetration with another person—force or coercion being used to accomplish the sexual penetration—and causing personal injury to the victim. MCLA 750.520b(1)(f); MSA 28.788(2)(1)(f).

In order to have committed that crime, defendant *must* have:

1) Engaged in sexual penetration with another person, force or coercion being used to accomplish the sexual penetration (third-degree criminal sexual conduct);[1]

2) Engaged in sexual *contact* with another person, force or coercion being used to accomplish the sexual contact, and causing personal injury to the victim (second-degree criminal sexual conduct);[2]

3) Engaged in sexual contact with another person and force or coercion was used to accomplish the sexual contact (fourth-degree criminal sexual conduct).[3]

Obviously, if there is penetration there is contact. The trial court erred. As the prosecutor suggests, a proper remedy is to remand this cause for entry of a judgment of conviction of fourth-degree criminal sexual conduct and resentencing. If the prosecutor is of the opinion that justice would be better served by a new trial, the trial court should, upon notification by the prosecutor prior to resentencing, vacate the judgment of conviction and grant a new trial on the original charge. See

---

[1] MCLA 750.520d(1)(b); MSA 28.788(4)(1)(b).

[2] MCLA 750.520c(1)(f); MSA 28.788(3)(1)(f).

[3] MCLA 750.520e(1)(a); MSA 28.788(5)(1)(a).

*People v Herbert Ross,* 73 Mich App 588, 594; 252 NW2d 526 (1977).

Defendant would have us reverse his conviction, however, because he was not duly notified of the illegal nature of his acts. He urges that the sections of the criminal sexual conduct statute defining "personal injury"[4] and "sexual contact"[5] are void for vagueness under the due process clauses of the U. S. Constitution. The issue was raised below on a motion to quash the information.

A criminal statute is impermissibly vague if it does not provide fair notice of the conduct proscribed, confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed, or if its coverage is overbroad and impinges on First Amendment freedoms; *People v Howell,* 396 Mich 16, 20; 238 NW2d 148 (1976).

The challenged statutory provisions, MCLA 750.520a(f) and (g); MSA 28.788(1)(f) and (g), read as follows:

"Section 520a. As used in sections 520a to 520e:
"(f) 'Personal injury' means bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease, or loss or impairment of a sexual or reproductive organ.
"(g) 'Sexual contact' includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification".

The obvious argument is that, as these defined terms fit into the operative sections of the criminal sexual conduct act, it is unclear what is prohibited,

---

[4] MCLA 750.520a(f); MSA 28.788(1)(f).

[5] MCLA 750.520a(g); MSA 28.788(1)(g).

and otherwise innocent actions may be chargeable offenses. Particularly with respect to the definition of "sexual contact", many hypothetical situations of innocent conduct which could be chargeable under the act are imaginable.

The point is not well taken in the case at bar, however.

The charge against the defendant included the allegation that he caused personal injury to the victim, while engaged in criminal sexual conduct. The victim testified that she was struck by the defendant before and after penetration. She suffered bruises, scars and swelling of skin tissue. There is no question that the bruising, scarring and swelling of skin tissue caused by striking with a hand or fist constitutes personal injury properly proscribed by the statute.

More troublesome is the final argument on appeal: that the criminal sexual conduct statute offends the Sixth Amendment right of confrontation. At trial, defense counsel was prohibited from inquiring into the victim's prior sexual conduct on cross-examination.

The section of the statute with which we are concerned, MCLA 750.520j; MSA 28.788(10), provides as follows:

"(1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

(a) Evidence of the victim's past sexual conduct with the actor.

(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

(2) If the defendant proposes to offer evidence described in subsection (1)(a) or (b), the defendant within 10 days after the arraignment on the information shall file a written motion and offer of proof. The court may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1). If new information is discovered during the course of the trial that may make the evidence described in subsection (1)(a) or (b) admissible, the jury may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1)."

Defendant argues that the prohibition of evidence of specific instances of the victim's prior sexual conduct with third persons denied him the right to confront and cross-examine his accuser, citing U.S. Supreme Court authority for the proposition that denial of the right of cross-examination runs afoul of the Sixth Amendment.

The right of confrontation protected by the Sixth Amendment secures principally the right to cross-examine witnesses. *Douglas v Alabama,* 380 US 415, 418; 85 S Ct 1074, 1076; 13 L Ed 2d 934 (1965). Cross-examination is principally a means by which the credibility and veracity of a witness is tested. Being based upon the Sixth Amendment, defendant's challenge to the statute thus may be stated: prohibiting the testing of the rape victim's credibility and veracity by asking the victim about his or her sexual conduct with third persons infringes upon the fundamental right of confrontation. The problem is, however, that there is no fundamental right to ask a witness questions that are irrelevant. Inquiry on cross-examination into the rape victim's sexual behavior with third persons is not relevant. Evidence is relevant when it

is sufficiently probative of a fact in issue to offset the prejudice its admission produces. *Jarecki v Ford Motor Co,* 65 Mich App 78, 83; 237 NW2d 191 (1975). The rape victim's sexual activity with third persons is in no way probative of the victim's credibility or veracity. If it were, the relevancy would be so minimal it would not meet the test of prejudice.

Defendant makes much of the issue of the victim's consent and urges that inquiry into the victim's sexual behavior with third persons is highly probative of the fact that he or she consented to the defendant's sexual conduct. Defendant here raises a due process issue.

Again, the significance of such evidence on the issue—consent this time—is minimal. The fact that a victim has consented to sexual intimacy with a third party does not indicate consent to intimacy with the defendant. While factual situations in which the victim's sexual behavior with third persons is arguably probative of consent are imaginable[6], the probative value of such evidence would not outweigh the prejudice to society and the criminal justice system of the consequences of its admission.

The state clearly has a legitimate interest in encouraging the rape victim to report the crime and to prosecute and present testimony against the offender. These interests are served by discouraging the usually pointless and sometimes cruel treatment of rape victims in the criminal justice system. Moreover, there is the possibility that in its deliberations the jury will consider the "bad character" or "provocative behavior" of the rape victim whose life history has been paraded before it in the most intimate detail.

---

[6] *See* Westen, *Compulsory Process II,* 74 Mich L Rev 191, 208–209 (1975).

We conclude that the Legislature acted within its powers in enacting the challenged statute and we find no infringement of the defendant's rights.

The conviction is reversed.

Remanded for proceedings consistent with this opinion.