PEOPLE v DAVIS

Docket Nos. 78-4347, 78-4349. Submitted May 8, 1979, at Lansing.—
Decided July 23, 1979. Leave to appeal applied for.

Perry A. Davis and four others were charged with various crimes
under a 16-count information. Specifically defendant Davis was
charged with three counts of criminal sexual conduct in the
first degree, kidnapping, assault, conspiracy and bestiality. He
was bound over for trial on all charges, Detroit Recorder's
Court, Harvey F. Tennen, J. The case was assigned to Record-
er's Court Judge George W. Crockett, III. Judge Crockett, on
the basis of defense motions, issued orders compelling psychiat-
ric examination of the complainant, discovery of complainant's
medical records and allowing defendant's counsel to obtain an
additional deposition of the complainant. The people appeal by
leave granted the granting of these three pretrial motions.
*Held:*

1. The trial court improperly ordered the psychiatric exami-
nation. In the people's case against Perry A. Davis, complain-
ant's version is supported by medical testimony and photo-
graphic evidence. Introduction of a general psychological profile
as to a complainant's sexual propensities would be an introduc-
tion of opinion evidence which would have little bearing on the
issue of consent in any particular case. A statute excludes such
opinion testimony for good reason because the practice of

REFERENCES FOR POINTS IN HEADNOTES
[1] 65 Am Jur 2d, Rape § 55.
[2] 65 Am Jur 2d, Rape § 107.
  Requiring complaining witness in prosecution for sex crime to
  submit to psychiatric examination. 14 ALR3d 1433.
[3] 65 Am Jur 2d, Rape §§ 82-84.
[4] 81 Am Jur 2d, Witnesses § 146.
  Right of one against whom testimony is offered to invoke privilege
  of communication between others. 2 ALR2d 645.
[5] 23 Am Jur 2d, Depositions and Discovery § 324.
  Right of prosecution to pretrial discovery inspection, and disclosure.
  96 ALR2d 1224.
[6] 23 Am Jur 2d, Depositions and Discovery §§ 309-311.

psychiatry has not as yet advanced to such an exact science whereby the probative value of such opinion testimony would exceed its prejudicial impact. The testimony is therefore not relevant to the issue of consent. There is no right to introduce irrelevant evidence and the statute which excludes such testimony is not violative of a criminal defendant's constitutional right to confrontation.

2. Allowing discovery of the complainant's medical records regarding her treatment for alcoholism was error. According to the record, the physician-patient privilege was not waived by the complainant who was the only person who could do so. Sometimes privilege must yield to a demonstrated specific need for evidence in a pending criminal trial. The fact that a complainant has in the past undergone treatment for alcoholism is in no way material to the question of consent. Therefore, Perry A. Davis failed to demonstrate a need for any privileged material and the trial court's order allowing discovery of medical records should be set aside.

3. The trial court's ruling which allowed an additional deposition of the complainant by defendant's retained counsel was improper. There was no need to inject an additional statement of the complainant into the case. Counsel for the defendant had vigorously cross-examined the complainant after ample preparation, had strenuously contested each count under which defendant was charged and had extensive preliminary examination testimony from which to prepare the defense.

The orders are vacated.

1. CRIMINAL LAW — EVIDENCE — SEX CRIMES — CREDIBILITY OF COMPLAINANT.

Credibility is an issue in every case and there is no greater need for inquiring into the social and mental history of a complainant in a sex case to reveal degree of credibility than that of any other complainant.

2. CRIMINAL LAW — EVIDENCE — SEX CRIMES — PSYCHIATRIC EXAMINATIONS — LIMITED CIRCUMSTANCES.

A court ordered psychiatric examination of a sex complainant is appropriate only under limited circumstances; one example is where there is a defense theory of fabrication and the complainant's version is not supported by corroborating evidence; the rule is inapplicable and psychiatric examinations are not permitted where the complainant's version is supported by medical testimony and photographic evidence.

3. EVIDENCE — CRIMINAL LAW — SEX CRIMES — OPINION EVIDENCE — INFLAMMATORY AND PREJUDICIAL EVIDENCE — PROBATIVE VALUE — ADMISSIBILITY — CONSTITUTIONAL LAW — CONFRONTATION OF WITNESS — STATUTES.

Opinion evidence of the sexual conduct of the victim of a sex offense, the victim's past sexual conduct with the actor or specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease, is inadmissible in a prosecution for a sex offense unless and only to the extent that the judge finds that the evidence is material to a fact at issue and that its inflammatory or prejudicial nature does not outweigh its probative value and the exclusion of such evidence does not violate a criminal defendant's right to confrontation (MCL 750.520j; MSA 28.788[10]).

4. EVIDENCE — CRIMINAL LAW — PRIVILEGED COMMUNICATIONS — WAIVER — RELEVANT EVIDENCE — DUE PROCESS — ADMISSIBILITY.

Generally, privileged communications are the privilege of the person making them and a personal waiver of the privilege is necessary for such communications to be admitted at trial; however, a generalized assertion of privilege must yield to a demonstrated specific need for evidence in a pending criminal trial where required by the guarantee of due process of law and where the privilege is asserted to withhold evidence that is demonstrably relevant.

5. EVIDENCE — MEDICAL RECORDS — DISCOVERY — PRIVILEGED MATERIAL.

Discovery of medical records should not be allowed where there is a failure to demonstrate a need for such privileged material.

6. EVIDENCE — CRIMINAL LAW — SEX CRIMES — COMPLAINANT DEPOSITIONS — NECESSITY — PREPARATION OF DEFENSE.

A motion to allow an additional deposition of the complaining witness in a sex prosecution was improperly granted where it was unnecessary for the preparation of a defense; the deposition is unnecessary where defense counsel vigorously cross-examined the complainant after ample preparation, he strenuously contested each count under which defendant was charged and there was extensive preliminary examination testimony from which to prepare the defense.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

Prosecuting Attorney, *Michael R. Mueller,* Assistant Prosecuting Attorney, Director, Prosecutor's Repeat Offenders Bureau, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Sheldon Halpern* and *Eileen Scheff,* for defendant.

Before: D. C. RILEY, P.J., and V. J. BRENNAN and N. J. KAUFMAN, JJ.

V. J. BRENNAN, J. The people appeal by leave the lower court's granting of three pretrial motions brought by defendant.

On May 26, 1978, defendant Perry Allen Davis and four others were charged with various crimes under a 16-count information. Specifically defendant was charged with three counts of criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2); one count of kidnapping, MCL 750.349; MSA 28.581; two counts of assault with intent to do great bodily harm less than the crime of murder, MCL 750.84; MSA 28.279; one count of conspiracy, MCL 750.157a; MSA 28.354(1); and one count of committing an abominable and detestable crime against nature with an animal, MCL 750.158; MSA 28.355.

On June 21, 1978, following preliminary examination before visiting Recorder's Court Judge Harvey F. Tennen, defendant was bound over for trial on all of the aforementioned charges. The case was subsequently assigned to Recorder's Court Judge George W. Crockett, III, who granted the three defense motions which formed the basis for the present appeal.

We first direct our attention to the lower court's order directing the complainant to submit to a psychiatric examination. As authority for his rul-

ing Judge Crockett relied on Dean Wigmore's treatise on evidence and upon *Ballard v Superior Court of San Diego County,* 64 Cal 2d 159; 49 Cal Rptr 302; 410 P2d 838 (1966). In his treatise Dean Wigmore places a female complainant in a sex offense case in a separate class. He warns of a dangerous abnormality consisting of a disposition to fabricate sex charges against innocent men. Professor Wigmore suggests "only an inquiry into the social and mental history will reveal [her] degree of credibility" and advises that:

"[n]o judge should ever let a sex offense charge go to the jury unless the female complainant's social history and mental makeup has been examined and testified to by a qualified physician." 3 Wigmore on Evidence, p 460, § 924a. See Anno: *Requiring complaining witness in prosecution for sex crime to submit to psychiatric examination,* 18 ALR3d 1433.

Although Dean Wigmore's theory has been cited in Michigan, see *People v Smallwood,* 306 Mich 49; 10 NW2d 303 (1943), it has never been adopted by a Michigan court nor are we disposed to now do so. Credibility is an issue in every case, and there is no showing beyond Dean Wigmore's outmoded psychological theories that sex offenses warrant greater scrutiny of the complainant. Moreover, such an absolute requirement as that espoused by Dean Wigmore would operate to deter victims of sex crimes from disclosing such offenses and would thus violate this state's enunciated public policy.

As to *Ballard, supra,* even if we were to adopt the California court's holding it would be inapplicable to the case at bar. In *Ballard* the Court ruled that court ordered psychiatric examination of the complainant is appropriate only under very limited circumstances. "Such necessity would gener-

ally arise only if little or no corroboration supported the charge and if the defense raised the issue of the effect of the complaining witness's mental or emotional condition upon her veracity." *Ballard,* 64 Cal 2d 159, 177. The ruling thus contemplates a defense theory of fabrication where the complainant's version is not supported by corroborating evidence. The present case falls outside the ambit of *Ballard* since the complainant's version is supported by medical testimony and photographic evidence.

Our determination of the propriety of the lower court's ruling therefore requires an extrapolation of Michigan law on the subject taking into account the interests of the defendant, the state and the victim.

The Michigan Legislature has specifically addressed the question of admissibility of evidence relating to victims of sex offenses by the enactment of the following:

"(1) Evidence of specific instances of the victim's sexual conduct, *opinion evidence of the victim's sexual conduct,* and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

"(a) Evidence of the victim's past sexual conduct with the actor.

"(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease." MCL 750.520j; MSA 28.788(10). (Emphasis added.)

Defendant seeks the psychological examination in order to advance his theory of consent. Defen-

dant asserts that "because of the victim's psychological makeup * * * she voluntarily participated in the sexual activities she now claims were forced upon her". Thus the opinion evidence sought to be advanced relates to the victim's sexual conduct and falls within the proscription emphasized in the above statute.

We must next address whether the application of the statute's prohibition in the case at bar limits defendant's Sixth Amendment right to confrontation. Initially we point out that the above provision:

"* * * represents an explicit legislative decision to eliminate trial practices under former law which had effectually frustrated society's vital interests in the prosecution of sexual crimes. In the past, countless victims, already scarred by the emotional (and often physical) trauma of rape, refused to report the crime or testify for fear that the trial proceedings would veer from an impartial examination of the accused's conduct on the date in question and instead take on aspects of an inquisition in which complainant would be required to acknowledge and justify her sexual past." *People v Khan,* 80 Mich App 605, 613; 264 NW2d 360 (1978).

However, even this worthy purpose does not insulate the statute from a constitutional attack. *People v Dawsey,* 76 Mich App 741; 257 NW2d 236 (1977).

The right of confrontation protects the introduction of evidence relevant to the matter being tried. "Evidence is relevant when it is sufficiently probative of a fact in issue to offset the prejudice its admission produces." *People v Thompson,* 76 Mich App 705, 711-712; 257 NW2d 268 (1977), see also MRE 401-403.

Here, due to the bizarre nature of the sexual activities involved, the issue of relevancy presents

a perplexing question.[1] The defendant claims that the acts were consensual and that a psychological profile of the complainant would bear directly on the assertion of consent. Although this writer would have difficulty characterizing as normal a person who voluntarily engages in the activities involved herein, introduction of a general psychological profile as to one's sexual propensities would have little bearing on the issue of consent in any particular case. Such a procedure would be analogous to the introduction of opinion evidence of a defendant's general criminal tendencies in order to prove commission of a certain crime. The practice of psychiatry has not as yet advanced to such an exact science whereby the probative value of such opinion testimony would exceed the prejudicial impact on the trier of fact. Accordingly, the legislative enactment which excludes such testimony is not violative of a criminal defendant's Sixth Amendment rights since there is no right to introduce irrelevant evidence. Thus the trial court improperly ordered the psychiatric examination, and the order is set aside.

We next address the propriety of the lower court's order allowing discovery of the complainant's medical records regarding her treatment for alcoholism. Both parties on appeal direct attention to the question of physician-patient privilege. Upon review of the record it is noted that the privilege has not been waived by the complainant who has the sole right to do so. *People v Sam Williams,* 39 Mich App 91; 197 NW2d 336 (1972). Assuming the privilege is not waived our inquiry

---

[1] At the preliminary examination the complainant testified that she was held captive for 13 days, forced to engage with various persons in sexual intercourse, fellatio, cunnilingus, was sodomized and was forced to commit an act of bestiality. The complainant was bound each night, was ordered to sleep in a doghouse and was subjected to physical abuse including humiliating and degrading acts.

focuses on whether the privilege must yield to the interest of the defendant in this case.

Where the privilege is asserted to withhold evidence that is "demonstrably relevant" to a criminal trial, the guarantee of due process of law is impaired. *United States v Nixon,* 418 US 683; 94 S Ct 3090; 41 L Ed 2d 1039 (1974). In *Nixon, supra,* at 713, the court balanced the competing interests of the parties and held that a "generalized assertion of privilege must yield to the *demonstrated specific need for evidence* in a pending criminal trial". (Emphasis added.)

In applying the above to the present case we can in no way comprehend how the complainant's prior treatment for alcoholism has any bearing on the defendant's theory of consent. There is no evidence of any continued intoxication on the part of the complainant during her alleged captivity. The only evidence regarding alcohol is the complainant's testimony that she had one drink before the incident began. There is no basis in the record for the defendant's rather bald assertion that "because of the complainant's * * * dependency on alcohol, she voluntarily participated" in the activities which formed the basis of this suit.

The fact that the complainant has in the past undergone treatment for alcoholism is in no way material to the question of consent. The defendant has therefore not demonstrated a need for any privileged material and the trial court's order allowing discovery of medical records is set aside.

We find the lower court's ruling allowing the additional deposition of the complainant by defendant's retained counsel to be improper. A careful reading of the preliminary examination transcript indicates that substitute counsel vigorously cross-examined the complainant after ample prepara-

tion. He strenuously contested each count under which defendant was charged and some of his arguments were adopted by counsel for other defendants. Under these circumstances there is no need to inject an additional statement of the complainant into this case. Defendant has extensive preliminary examination testimony from which to prepare his defense.

The lower court orders compelling psychiatric examination of the complainant, allowing discovery of complainant's medical records and allowing deposition of the complainant by defendant's retained counsel are vacated.