PEOPLE v JACKSON

Docket No. 45443. Submitted January 14, 1981, at Detroit.—Decided
July 9, 1981.

Eddie Jackson was convicted of armed robbery and felony-firearm
in the Wayne Circuit Court, Harry J. Dingeman, Jr., J. Defen-
dant appealed, alleging 1) violation of his right to confrontation
when the trial court restricted recross-examination of a key
prosecution witness, 2) the prosecution's failure to prove the
operability of the firearm, and 3) error in the court's refusing
defendant's request to explain to the jury the absence of an
alibi witness with whom defendant claimed to have spent the
time in question. *Held:*

1. Defendant was precluded from showing on recross-exami-
nation that the witness had been unable to make an out-of-
court identification of the other three alleged coparticipants
who were arrested with defendant and from showing that the
witness had misidentified an uninvolved person during a
lineup. Under the circumstances in this case, the court did not
commit reversible error, the permissible scope of cross-examina-
tion resting in the discretion of the trial court.

2. The prosecutor is under no duty to prove the operability of
the firearm to secure a conviction for felony-firearm.

3. Defendant testified in his own behalf. The jury was not
apprised of defendant's original intent to call alibi witnesses.

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Witnesses § 464.
[2] 16A Am Jur 2d, Constitutional Law § 849.
  21A Am Jur 2d, Criminal Law §§ 720 *et seq.,* 956 *et seq.*
  81 Am Jur 2d, Witnesses § 464.
  Federal constitutional right to confront witnesses-Supreme Court
  cases. 23 L Ed 2d 853.
[3] 29 Am Jur 2d, Evidence § 249.
[4] 67 Am Jur 2d, Robbery §§ 6, 23.
  Robbery by means of toy or simulated gun or pistol. 81 ALR3d
  1006.
  Fact that gun was unloaded as affecting criminal responsibility. 79
  ALR2d 1412.
[5] 81 Am Jur 2d, Witnesses § 632 *et seq.*

Under the circumstances, the prosecutor was permitted to comment on the lack of corroboration and the court did not err in not allowing the defendant to call a process server to testify to attempts to serve other witnesses.

Affirmed.

1. WITNESSES — IMPEACHMENT — CROSS-EXAMINATION.

The scope of cross-examination of witnesses rests in the sound discretion of the trial court.

2. CONSTITUTIONAL LAW — RIGHT TO CONFRONTATION — CRIMINAL LAW — CROSS-EXAMINATION.

The right of confrontation protected by the Sixth Amendment secures principally the right to cross-examine witnesses; however, there is no fundamental right to ask a witness questions that are irrelevant.

3. EVIDENCE — CRIMINAL LAW — PREJUDICIAL EVIDENCE.

A court, in determining whether evidence is inadmissible because its probative value is substantially outweighed by its unfairly prejudicial effect, must balance many factors, including: the time necessary for presenting the evidence and the potential for delay; how directly it tends to prove the fact in support of which it is offered; whether it would be a needless presentation of cumulative evidence; how important or trivial the fact sought to be proved is; the potential for confusion of the issues or misleading the jury; and whether the fact can be proved in another way involving fewer harmful collateral effects.

4. CRIMINAL LAW — FELONY-FIREARM — STATUTES.

A prosecutor need not present proof of operability of a firearm in a prosecution for a felony-firearm violation (MCL 750.227b; MSA 28.424[2]).

5. CRIMINAL LAW — PROSECUTORIAL COMMENT.

A prosecutor may comment on a defendant's failure to produce corroborating witnesses whenever the defendant testifies in his own behalf.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Janet M. Tooley,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P.J., and BRONSON and BASHARA, JJ.

PER CURIAM. Defendant was convicted by a jury of armed robbery and felony-firearm contrary to MCL 750.529; MSA 28.797 and MCL 750.227b; MSA 28.424(2). He was sentenced to the mandatory two years imprisonment for felony-firearm and 5 to 15 years imprisonment for the armed robbery. He appeals as of right.

Of the issues raised on appeal only three merit extended discussion.

Defendant first argues that his right to confrontation was violated when the trial court limited the full scope of defense counsel's recross-examination of a key prosecution witness. Specifically, the defendant predicates error on the fact that he was precluded during recross-examination from showing that this witness had been unable to make an out-of-court identification of the three other persons who had been simultaneously arrested with defendant and, allegedly, were coparticipants in the robbery. He likewise complains about being precluded from showing that this witness misidentified an uninvolved person during a lineup identification. After reviewing the record, we are persuaded that the court's action in limiting the recross-examination in this regard did not constitute reversible error.

It is well settled that the permissible scope of cross-examination during a trial is vested in the sound discretion of the trial court. Such discretion is not to be disturbed unless a clear abuse of discretion is shown. *People v Taylor,* 386 Mich 204;

191 NW2d 310 (1971), *People v Johnston,* 76 Mich App 332; 256 NW2d 782 (1977). The right of confrontation protected by the Sixth Amendment protects the right to cross-examine witnesses on evidence which is relevant to the matter being tried. *People v Davis,* 91 Mich App 434; 283 NW2d 768 (1979), *lv den* 407 Mich 868 (1979), *People v Thompson,* 76 Mich App 705, 711-712; 257 NW2d 268 (1977). Conversely, the Sixth Amendment does not create a right to introduce irrelevant evidence. *Id.* The court in determining the admissibility of relevant evidence must balance many factors including: the time necessary for presenting the evidence; how directly it tends to prove the fact in support of which it is offered; the potential for confusion of the issues or misleading the jury; and whether the fact can be proved in another way. *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976), MRE 403. Relevant circumstantial evidence may be excluded if the above counterbalancing factors outweigh its probative value. *People v Jordan,* 23 Mich App 375; 178 NW2d 659 (1970).

Under the facts and circumstances of this case, the significance of the witness's ability to identify all the alleged participants in separate lineups is only minimally relevant to his unequivocal identification of defendant. The witness was able to make in-court identification of defendant; he was able to pick defendant out of a lineup; he was able to identify the clothing worn by defendant. Defense counsel was allowed complete latitude in his cross-examination as to this positive identification of defendant. Further, the record only *suggests* that the three other persons whom the witness failed to identify were truly the coparticipants in the robbery. Indeed, these three persons were named by defendant as "alibi witnesses" who, if his testimony is to be believed, never were present

at the scene of the crime. Additionally, two of the actual coparticipants stayed in the car outside of the restaurant so the witness never saw them except at a distance. Finally, this inability to identify the three other coparticipants from the lineup was fully developed and argued by defense counsel in the closing argument to the jury. As this challenged evidence only remotely bore upon the witness's positive, unequivocal identification of defendant, we find no abuse in the trial court's ruling and no improper restriction of defense counsel's scope of recross-examination amounting to a denial of the fundamental right of confrontation.

Defendant also argues on appeal that his felony-firearm conviction must be set aside because the prosecution did not offer positive proof that the weapon was in operable condition. We disagree. No such duty is imposed by Michigan case law, and defendant's argument, therefore, is without merit.

The general rule is that the prosecutor need not present proof of operability as an element of a prima facie case in a felony-firearm prosecution. *People v Stephenson,* 94 Mich App 300; 288 NW2d 364 (1979), *People v Gibson,* 94 Mich App 172; 288 NW2d 366 (1979). As the *Gibson* Court stated:

"The Supreme Court has found that the legislative purpose behind the felony-firearm statute is to deter the use of firearms due to their inherent dangerousness. *Wayne County Prosecutor, supra.* Therefore, the felony-firearm statute requires a construction in harmony with that finding, MCL 8.3; MSA 2.212.

"It is our opinion that the prosecutor need not present proof of operability as an element of a prima facie case in a felony-firearm prosecution. A contrary requirement would be inconsistent with the legislative intent of discouraging the practice of carrying guns in circumstances where harm is apt to occur." *Id.,* 177.

This rule was recently reaffirmed in *People v Mason,* 96 Mich App 47, 51; 292 NW2d 480 (1980), where the Court stated:

"We agree with the position taken in *People v Gibson,* 94 Mich App 172; 288 NW2d 366 (1979), that the prosecutor need not present proof of operability as an element of the prima facie case in a felony-firearm prosecution. To hold otherwise could prevent prosecution under the statute in cases where the weapon is not recovered, even though the victim testifies to its existence. Additionally, as was noted in *Gibson,* '[a] contrary requirement would be inconsistent with the legislative intent of discouraging the practice of carrying guns in circumstances where harm is apt to occur'. *People v Gibson, supra,* 177."

See, also, *People v Boswell,* 95 Mich App 405; 291 NW2d 57 (1980).

Accordingly, we find defendant's argument to be without merit.

Defendant also asserts that the trial court erred in refusing defendant's request to explain to the jury the absence of an alibi witness with whom the defendant testified that he had spent the time in question. Defendant contends that he should have been permitted to call a process server to the stand to testify regarding the futile efforts to subpoena Mr. Coward. Defendant argues that this testimony was necessary to negate any adverse inference which the jury could draw from his failure to call the alibi witness and that this error was exacerbated by the prosecutor's comments in closing argument that the jury should evaluate defendant's testimony on the basis of whether or not it was corroborated. We find this argument to be without merit. It is well settled that a prosecutor is permitted to comment on a defendant's failure to produce "corroborating" witnesses when-

ever the defendant takes the stand and testifies on his own behalf. *People v Ovegian,* 106 Mich App 279; 307 NW2d 472 (1981), *People v Clemons,* 91 Mich App 68, 73; 282 NW2d 838 (1979), *remanded on other grounds* 407 Mich 939 (1979), *People v Hunter,* 218 Mich 525, 528-529; 188 NW 346 (1922), *People v Ford,* 59 Mich App 35, 39; 228 NW2d 533 (1975), *People v Hooper,* 50 Mich App 186, 197; 212 NW2d 786 (1973), *lv den* 391 Mich 808 (1974), *People v Gant,* 48 Mich App 5, 8-9; 209 NW2d 874 (1973), *People v Fuller,* 44 Mich App 297, 299; 205 NW2d 287 (1973), *aff'd* 395 Mich 451; 236 NW2d 58 (1975), *People v Falkner,* 36 Mich App 101, 109; 193 NW2d 178 (1971), *rev'd on other grounds* 389 Mich 682; 209 NW2d 193 (1973). In those decisions the defendant himself testified or produced witnesses on his behalf.

This is in contradistinction to comments which parade before the jury the fact that the defendant initially gave notice of alibi witnesses but subsequently was unable or unwilling to produce such witnesses to testify in his defense. It is in this latter situation that prosecutorial comment can result in reversible error. *People v Hunter,* 95 Mich App 734, 737; 291 NW2d 186 (1980), *People v Shannon,* 88 Mich App 138; 276 NW2d 546 (1979).

In the case at bar, the jury was never apprised of the fact that the defendant had originally intended to call alibi witnesses but was unable to do so. Therefore, we conclude that no error requiring reversal resulted from the prosecutor's brief reference to the fact that defendant's testimony was uncorroborated.

We have examined the other issues raised by defendant and find them to be without merit.

Defendant's conviction is affirmed.