PEOPLE v JONES

Docket No. 65008. Submitted January 17, 1984, at Detroit.—Decided
    May 1, 1984.

Defendant, Joe Jones, was convicted of armed robbery following a
    nonjury trial in Detroit Recorder's Court. The trial court,
    Clarence Laster, Jr., J., sentenced defendant to from 5 to 15
    years imprisonment. Defendant appeals alleging several errors.
    *Held:*

1. The trial court clearly erred in admitting into evidence a
knife for which an adequate foundation had not been estab-
lished. However, the erroneous admission of the knife into
evidence was harmless error in the circumstances of this case.
Such admission of the knife was not so offensive to the mainte-
nance of a sound judicial system that it could never be re-
garded as harmless, and, further, such admission of the knife
was harmless beyond a reasonable doubt.

2. The prosecutor was properly permitted to comment during
his closing argument on the defendant's failure to produce
corroborating witnesses since the defendant took the stand and
testified in his own behalf.

3. The trial court did not abuse its discretion in determining
that the prosecutor had exercised due diligence in attempting
to identify and produce the res gestae witness.

Affirmed.

1. APPEAL — EVIDENCE.

Once error is found in the trial court's admission of evidence, the
Court of Appeals must determine if the error was merely
harmless, which requires a dual inquiry: was the error so
offensive to the maintenance of a sound judicial system that it
never could be regarded as harmless, and, further, was the
error harmless beyond a reasonable doubt.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 776 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error §§ 624-627.
    75 Am Jur 2d, Trial § 192 *et seq.*
[3] 75 Am Jur 2d, Trial § 247.

2. CRIMINAL LAW — PROSECUTORIAL COMMENT — PRESERVING QUES-
   TION.

   Appellate review of a prosecutor's closing argument is precluded
   in the absence of objection in the trial court unless failure to
   consider the issue would result in a miscarriage of justice.

3. CRIMINAL LAW — PROSECUTORIAL COMMENT.

   A prosecutor may comment on a defendant's failure to produce
   corroborating witnesses whenever the defendant takes the
   stand and testifies in his own behalf.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Thaddeus K. Dean,* for defendant on appeal.

Before: SHEPHERD, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant was convicted at a nonjury trial of armed robbery, MCL 750.529; MSA 28.797. He was sentenced to from 5 to 15 years imprisonment and he appeals as of right.

The complainant described the knife used by defendant in the robbery as "a very cheap steak knife with a serrated edge". Over defense counsel's objection, the prosecutor was permitted to place into evidence a knife which had been confiscated from defendant. This knife was described as a folding knife 3-1/2 to 4 inches long when closed, with a brown and white handle. The complainant was unable to identify this knife as being the weapon used by defendant, and it is clear from the descriptions that the knife placed into evidence

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was not the weapon used by defendant in the robbery. We therefore agree with defendant that there was no adequate foundation established and that the trial court clearly erred in admitting the knife into evidence. See *People v Prast (On Rehearing)*, 114 Mich App 469, 490; 319 NW2d 627 (1982). However, we are convinced that the admission of the knife into evidence was harmless error in the circumstances of this case. The trial court as finder of fact viewed the trial as a credibility contest and resolved the issue in favor of the complainant and another eyewitness. There is no indication that the trial court gave any weight to the knife which was admitted into evidence. We conclude that the admission of the knife was not so offensive to the maintenance of a sound judicial system that it could never be regarded as harmless, and, further, that it was harmless beyond a reasonable doubt. See, *e.g., People v Bailey,* 101 Mich App 144, 152; 300 NW2d 474 (1980).

Defendant next contends that reversal is required because the prosecutor commented during closing argument on defendant's failure to produce corroborating witnesses. Defendant did not object to the remarks, which precludes appellate review unless failure to consider the issue would result in a miscarriage of justice. *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977). Where, as in this case, the defendant takes the stand and testifies in his own behalf, the prosecutor is permitted to comment on the defendant's failure to produce corroborating witnesses. *People v Jackson,* 108 Mich App 346, 351-352; 310 NW2d 238 (1981), and cases cited therein. Defendant's challenge to the remarks is clearly without merit.

With regard to the final issue raised by defendant, we have reviewed the record and conclude that the trial court did not abuse its discretion in

determining that the prosecutor had exercised due diligence in attempting to identify and produce the res gestae witness. See *People v Pearson,* 404 Mich 698; 273 NW2d 856 (1979).

Affirmed.