## State of Vermont v. Stanley Gabaree

[542 A.2d 272]

No. 87-050

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed January 15, 1988

*Robert Andres*, Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Jarvis & Kaplan*, Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant appeals his conviction for the sexual assault of his thirteen-year-old daughter in violation of 13 V.S.A. § 3252(3). Defendant raises two issues on appeal: (1) that the trial court erred in failing to grant his pretrial request for a psychiatric evaluation of his daughter, and (2) that he was denied effective assistance of counsel. We affirm.

The charges against defendant were based primarily on his daughter's statements to the police that her father had assaulted her. Little, if any, physical evidence existed to support her allegations. Defense counsel based his trial strategy upon the theory that while the child had been sexually abused by others, she fabricated the claim of abuse by her father in order to effect a change in her custody. The defendant asserted that the child had successfully employed such a strategem in the past. At trial, defense counsel encountered numerous difficulties in attempting to utilize this theory to his client's benefit. This failure, in combina-

tion with other allegations, forms the basis of defendant's claim of ineffective assistance of counsel.

## I.

█ Defendant asserts that the trial court failed to make any ruling on his pretrial motion for a psychiatric examination, and that this failure constituted plain error necessitating reversal. Our review of the record reveals that this motion was never ruled upon by either the trial court or any of the judges who dealt with the pretrial motions in this case. Our examination of the record also reveals, however, that defense counsel failed to renew the motion at trial. Defense counsel's failure to renew the motion at trial acted as a waiver of that motion.[1] See *State* v. *Gilman*, 145 Vt. 84, 88, 483 A.2d 598, 600 (1984); cf. V.R.Cr.P. 12(f) (failure to raise pretrial errors known to party constitutes waiver). Such waiver forecloses appellate review of any failure of the trial court to issue a ruling on the motion. *State* v. *Foy*, 144 Vt. 109, 117, 475 A.2d 219, 225 (1984) ("Although the motion was not formally withdrawn, nothing in the record suggests that defendant pursued his motion . . . to a ruling. The issue was clearly abandoned. . . . A motion abandoned below cannot be resurrected on appeal."). Although an issue not raised during trial may be addressed on appeal if it is serious enough to be treated as plain error, see *State* v. *Mecier*, 145 Vt. 173, 178, 488 A.2d 737, 741 (1984), plain error will be found only in a "rare and extraordinary case." *Id.*

█ Defendant asserts that the trial court's failure to grant his motion for a psychiatric examination of the alleged victim violated his constitutional right to confront the witnesses against him under the Sixth Amendment to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution.[2] Defendant contends that without the requested psychiatric evalua-

---

[1] Defense counsel's failure to renew the motion at trial is particularly deleterious to the trial court's ability properly to conduct a trial when, as in the instant case, different judges rule on pretrial motions than the judge who presides at trial.

[2] While defendant asserts a violation of his constitutional rights under both the federal and the Vermont constitutions, he fails adequately to address how his rights under the Vermont Constitution might differ from those given him under the federal constitution. Therefore, we decline to apply Vermont constitutional analysis for the first time on appeal, absent any showing of extraordinary circumstances. See *State* v. *Maguire*, 146 Vt. 49, 54, 498 A.2d 1028, 1031 (1985).

tion, he was unable effectively to cross-examine the alleged victim and present to the jury the issue of the child's lack of credibility. We have recently stated that "[t]he 'Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.' " *State* v. *Raymond*, 148 Vt. 617, 620-21, 538 A.2d 164, 166 (1987) (quoting *Delaware* v. *Fensterer*, 474 U.S. 15, 20 (1985) (emphasis omitted)). In the instant case, defense counsel had ample opportunity to bring forth evidence of the alleged victim's reputation for truthfulness. Defense counsel's purported failure to take advantage of this opportunity does not amount to a violation of the Confrontation Clause. See *id.* See also *People* v. *Davis*, 91 Mich. App. 434, 441, 283 N.W.2d 768, 770-71 (1979) (no violation of Sixth Amendment right to confrontation of witnesses by denial of a defendant's motion for psychiatric examination of an alleged victim of a sexual assault).

■ Any alleged error on behalf of the trial court in failing to grant defendant's motion for a psychiatric examination of the alleged victim was not a plain error readily apparent to the trial court, nor did it adversely affect substantial rights of the defendant. See V.R.Cr.P. 52(b). Thus, the instant case is not one of those "rare and extraordinary" cases necessitating reversal as plain error.[3] *Mecier*, 145 Vt. at 178, 488 A.2d at 741.

## II.

■ Defendant also asserts that he was denied effective assistance of counsel and, therefore, his conviction should be overturned. We refrain from passing on the merits of defendant's claim, because defendant has brought this claim in an improper manner. Defendant raises this issue in a direct appeal of his conviction. We have held that the proper avenue of raising the issue of ineffective assistance of counsel is through a motion for post-

---

[3] In applying this plain error analysis to the instant case, we defer to another day our analysis as to whether the trial courts possess the power, absent explicit legislative authorization, to require a psychiatric examination of a sexual assault victim who testifies at the criminal trial of the alleged assailant. Compare *State* v. *Boisvert*, 119 N.H. 174, 400 A.2d 48 (1979), with *State* v. *Walgraeve*, 243 Or. 328, 412 P.2d 23 (1966). See generally Annotation, *Necessity or Permissibility of Mental Examination to Determine Competency or Credibility of Complainant in Sexual Offense Prosecution*, 45 A.L.R. 4th 310 (1986).

conviction relief, and not through a direct appeal of a conviction. *State* v. *Campanelli*, 142 Vt. 362, 366, 454 A.2d 1248, 1251 (1982). The rationale for this requirement is so that

> the facts can be explored and reported, with a review in this Court based on a developed record and a full evaluation of all relevant issues, rather than on the inadequate inferences of a trial transcript. . . . Furthermore, this leaves the original appellate process free to conduct its review based on the record of the trial in the customary fashion, according to settled law.

*State* v. *Durling*, 140 Vt. 491, 497-98, 442 A.2d 455, 458 (1981).

This practice is in accord with the usual method of ruling on claims of ineffective assistance of counsel at both the federal level and amongst the state courts. See, e.g., *Strickland* v. *Washington*, 466 U.S. 668 (1984); *State* v. *Talton*, 197 Conn. 280, 497 A.2d 35 (1985); *Stack* v. *State*, 492 A.2d 599 (Me. 1985); *State* v. *Rondeau*, 480 A.2d 398 (R.I. 1984).

*Affirmed.*