# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
June 16, 2015

v

MARK JAMES ELDRIDGE,

Defendant-Appellant.

No. 318473
Bay Circuit Court
LC No. 12-011030-FH

Before: JANSEN, P.J., and METER and BECKERING, JJ.

PER CURIAM.

Defendant appeals as of right from his conviction, following a jury trial, of one count of aggravated stalking, MCL 750.411i. Defendant was sentenced as a fourth habitual offender, MCL 769.12, to serve 24 months to eight years in prison. Defendant argues on appeal that he is entitled to a new trial because the trial court permitted the prosecutor to introduce inadmissible hearsay during cross examination of a defense witness, and refused defendant permission to question the complainant as to whether she had aborted his child. We affirm.

## I. BACKGROUND FACTS

Defendant and the complainant were involved in a romantic relationship during part of 2012. The complainant testified that she ended the relationship in July 2012, but remained in consensual contact with defendant until September 2012. Complainant testified that towards the end of September, she told defendant that she no longer wanted to have contact with him. According to the complainant, defendant did not respect her request and continued to contact her through phone calls, text messages, and social media websites. At some point, complainant obtained an order of no-contact against defendant, and she later obtained a personal protection order against him. However, complainant testified that defendant continued to contact her in violation of the orders.

## II. PROSECUTOR'S STATEMENT

At trial, complainant testified that some of the unwanted text messages she had received and believed were from defendant had been sent from two different telephone numbers, one of which was registered to Rebekah Lloyd, who testified at trial that she did not know either the complainant or defendant. Lloyd testified further that she had purchased a cell phone in her name for an ex-boyfriend. According to Lloyd, she was present at a gathering where her ex-

-1-

boyfriend and others were making "prank" phone calls. Apparently, complainant was "prank" called by members of the party, and complainant returned the phone call. Lloyd testified that she spoke to complainant when she called the party back, and claimed that none of the people at the gathering threatened complainant during the telephone call; however, according to Lloyd, complainant had threatened to call the police to report the call.

Prior to Lloyd's testimony, defense counsel objected upon learning of the prosecutor's intention to ask Lloyd during cross examination whether another circuit judge had found during a previous court proceeding that she had lied to a jury. The trial court ruled that the question was permissible under MRE 608(b). During cross examination, the prosecutor had the following exchange with Lloyd:

> *Q.* Ma'am, in front of Judge Sheeran in the Bay County Courthouse at a hearing on April 24th of 2012, Judge Sheeran found that you had lied to a jury, isn't that true?
>
> *A.* No, it wasn't. That was his—th—he did say he believed that though.
>
> *Q.* So, he did say that he believed you had lied to a jury?
>
> *A.* Yeah.

Defendant argued during the hearing on his motion for new trial that the prosecutor's question was improper because it relied upon inadmissible hearsay and was not admissible under MRE 608. We agree with the trial court that the statement was admissible under the court rule.

A trial court's decision whether to grant a new trial is reviewed for an abuse of discretion. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). An abuse of discretion occurs when the trial court chooses an outcome falling outside the principled range of outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

Under MRE 608(b), in the discretion of the trial court, specific instances of a witness's conduct may, "if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified." It was permissible for the prosecutor to question Lloyd regarding a circuit court's finding that she had lied to a jury because the finding demonstrated a specific instance in which she was found to be untruthful. Although the statement was made outside of the instant court proceedings, it was not inadmissible hearsay because it was not offered to prove the truth of the matter asserted, i.e., whether Lloyd had actually lied, but rather whether a court had made this finding about her testimony in a previous proceeding. The prosecutor's question was properly limited as required by MRE 608, and did not make any reference to Lloyd's conviction, or even to the fact that she had stood trial. We find that the circuit court's decision to deny defendant a new trial on this basis was not an abuse of its discretion.

Defendant argues that there was a due process violation with respect to the admission of this evidence. However, as the Court noted in *People v Blackmon*, 280 Mich App 253, 261; 761 NW2d 172 (2008),

> [a]lthough any error can potentially be argued to have deprived a defendant of his due-process fair-trial right, not every trial error is constitutional in nature. *People v Toma*, 462 Mich 281, 296; 613 NW2d 694 (2000) (not every trial error violates due process). Merely framing an issue as constitutional does not make it so. *People v Weathersby*, 204 Mich App 98, 113; 514 NW2d 493 (1994).

Defendant has presented an evidentiary issue. Even if this did implicate the due process right to a fair trial, the absence of an evidentiary violation undermines his claim that he did not receive due process.

## III. RIGHT TO CONFRONT

Next, defendant claims that his Sixth Amendment right to confront the complainant was violated when the court did not permit him to question her regarding whether she had terminated a pregnancy that resulted from their relationship. According to defendant, this line of questioning was relevant to show evidence of the complainant's "personal bias" against him, as well as to challenge her credibility as to why she filed the stalking complaint. Defendant concedes that this issue was not properly preserved because defense counsel made his request during a sidebar conference. Defendant argues, however, that if this defect prevents relief, he is still entitled to a new trial because his trial counsel was ineffective for failing to properly preserve it. We find that the trial court properly found that this issue was not relevant under MRE 401 and that defendant was not entitled to a new trial on this basis.

Defendant does not satisfactorily explain why the complainant's alleged pregnancy or abortion was relevant in determining whether it was more or less probable that he was the source of the threatening text messages and phone calls that the complainant received[1]. As the trial court noted, the evidence may have had some bearing on why the complainant chose to end her relationship with defendant, but this was not relevant to the resolution of the aggravated stalking case against defendant. The evidence did not refute the evidence offered by the prosecution that defendant was the source of the unwanted text messages or other contact, and defendant's claim that questioning the complainant regarding the termination of her pregnancy would have allowed him to explore her "personal bias" against him is not logical. Although the complainant may have been biased against defendant, evidence of her potential bias did not make it more or less likely that defendant violated the aggravated stalking statute, MCL 750.411i(2). Defendant also does not show how this evidence was relevant on the subject of the complainant's credibility, as whether she was impregnated by defendant was not an issue in the case, and the complainant did not deny that she and defendant were involved in a romantic relationship: complainant testified

---

[1] MRE 401 provides: "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

that she dated defendant, and that he had lived with her for a period of time. The trial court did not abuse its discretion in denying defendant permission to question the complainant on this issue, and we agree that he is not entitled to a new trial on this basis.

Defendant suggests that his Sixth Amendment right to confront the witnesses against him was violated by prohibiting him from asking complainant these questions. However, in *People v Jackson*, 108 Mich App 346, 352; 310 NW2d 238 (1981), the Court noted:

> The right of confrontation protected by the Sixth Amendment protects the right to cross-examine witnesses on evidence which is relevant to the matter being tried. *People v Davis*, 91 Mich App 434; 283 NW2d 768 (1979), lv den 407 Mich 868 (1979), *People v Thompson*, 76 Mich App 705, 711-712; 257 NW2d 268 (1977). Conversely, the Sixth Amendment does not create a right to introduce irrelevant evidence. Id.

Because the evidence was not relevant, there was no Sixth Amendment violation.

Affirmed.


/s/ Kathleen Jansen
/s/ Patrick M. Meter

-4-